UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

STATE OF WASHINGTON

Plaintiffs,

Civil Action No. 2:26cv738

v.

THE BOEING COMPANY, THE CITY OF SEATTLE, KING COUNTY, et al.

Defendants.

**CONSENT DECREE**



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

## TABLE OF CONTENTS


I. JURISDICTION AND VENUE .......... 7
II. PARTIES BOUND .......... 7
III. DEFINITIONS .......... 8
IV. OBJECTIVES .......... 17
V. PERFORMANCE OF THE WORK .......... 17
VI. PROPERTY REQUIREMENTS .......... 21
VII. FINANCIAL ASSURANCE .......... 26
VIII. INDEMNIFICATION AND INSURANCE .......... 38
IX. PAYMENTS FOR RESPONSE COSTS .......... 40
X. DISBURSEMENT OF SPECIAL ACCOUNT FUNDS .......... 48
XI. FORCE MAJEURE .......... 53
XII. DISPUTE RESOLUTION .......... 55
XIII. STIPULATED PENALTIES .......... 59
XIV. COVENANTS BY PLAINTIFFS .......... 63
XV. COVENANTS BY SETTLING DEFENDANTS AND SETTLING FEDERAL AGENCIES 68
XVI. EFFECT OF SETTLEMENT; CONTRIBUTION .......... 70
XVII. RECORDS .......... 73
XVIII. NOTICES AND SUBMISSIONS .......... 76
XIX. APPENDICES .......... 79
XX. MODIFICATIONS TO DECREE .......... 79
XXI. SIGNATORIES .......... 80
XXII. PRE-ENTRY PROVISIONS .......... 80
XXIII. INTEGRATION .......... 80
XXIV. FINAL JUDGMENT .......... 80




U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

WHEREAS, the United States of America ("United States"), on behalf of the Administrator of the United States Environmental Protection Agency ("EPA") and the Director of the Washington State Department of Ecology ("Ecology"), filed a Complaint in this matter under sections 106 and 107 of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and the Washington State Model Toxics Control Act ("MTCA"), RCW 70A.305.030 and 70A.305.050.

WHEREAS, the United States and State of Washington ("State") in their Complaint seek, *inter alia*: (1) reimbursement of costs incurred by EPA, the Department of Justice ("DOJ"), and Ecology for response actions at the Lower Duwamish Waterway ("LDW") Superfund Site in Seattle, WA ("Site"), together with accrued interest; and (2) performance by the defendants of a response action at the Site consistent with the National Oil and Hazardous Substances Pollution Contingency Plan, 40 C.F.R. Part 300 ("NCP") and the Washington Administrative Code ("WAC") sections 173-340 and 173-204.

WHEREAS, in accordance with the NCP and section 121(f)(1)(F) of CERCLA, EPA notified the State on March 20, 2022, of negotiations with potentially responsible parties ("PRPs") regarding the implementation of the remedial design and remedial action ("RD/RA") for the Site, and EPA has provided the State with an opportunity to participate in such negotiations and to be a party to this Consent Decree ("Decree").

WHEREAS, the State has joined with the United States in the Complaint against the Settling Defendants in this Court alleging that the Settling Defendants are liable to the State under section 107 of CERCLA, 42 U.S.C. § 9607, and RCW 70A.305.040.

WHEREAS, in accordance with section 122(j)(1) of CERCLA, EPA notified the National Oceanic and Atmospheric Administration, the United States Fish and Wildlife Service, the Washington State Department of Fish and Wildlife, the Washington State Department of Ecology, the Muckleshoot Indian Tribe, and the Suquamish Indian Tribe of the Port Madison



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

Reservation on May 20, 2021, of negotiations with PRPs regarding the release of hazardous substances that may have resulted in injury to the natural resources under federal trusteeship and encouraged the trustee(s) to participate in the negotiation of this Decree.

WHEREAS, the Settling Defendants that have entered into this Decree do not admit any liability to Plaintiffs arising out of the transactions or occurrences alleged in the Complaint, nor do they acknowledge that the release or threatened release of hazardous substance(s) at or from the Site constitutes an imminent and substantial endangerment to the public health or welfare or the environment. Settling Federal Agencies do not admit any liability arising out of the transactions or occurrences actually or potentially alleged in any counterclaim or crossclaim that was or could have been asserted by Settling Defendants or in any such claim by the State or any administrative action by EPA.

WHEREAS, in accordance with section 105 of CERCLA, EPA listed the Site on the National Priorities List ("NPL"), set forth at 40 C.F.R. Part 300, Appendix B, by publication in the Federal Register on September 13, 2001, 66 Fed. Reg. 47,583.

WHEREAS, on December 20, 2000, the City of Seattle, King County, the Port of Seattle, and The Boeing Company ("Respondents") entered into an *Administrative Order on Consent for Remedial Investigation/Feasibility Study*, U.S. EPA, Region 10 Docket No. CERCLA 10-2001-0055, Ecology Docket No. 00TCPNR-1895 (12/20/2000) (the "RI/FS AOC") with EPA and Ecology. The RI/FS AOC determined Respondents were each PRPs under Sections 104, 107, and 122 of CERCLA, 42 U.S.C. §§ 9604, 9607, and 9622.

WHEREAS, in response to a release or a substantial threat of a release of hazardous substances at or from the Site, The Boeing Company ("Boeing"), King County, the Port of Seattle, and the City of Seattle completed a Remedial Investigation for the Site in 2010 and a Feasibility Study for the Site in 2012, in accordance with 40 C.F.R. § 300.430.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

WHEREAS, in accordance with section 117 of CERCLA and 40 C.F.R § 300.430(f), EPA published notice of the completion of the Feasibility Study and of the proposed plan for remedial action in 2013, in a major local newspaper of general circulation. EPA provided an opportunity for written and oral comments from the public on the proposed plan for remedial action. A copy of the transcript of the public meeting and comments received are available to the public as part of the administrative record upon which the then Associate Director of the Office of Environmental Cleanup, EPA Region 10, based the selection of the response action.

WHEREAS, EPA selected a remedial action to be implemented at the Site, which is embodied in a final Record of Decision, executed on November 21, 2014, on which the State has given its concurrence. The Record of Decision includes a summary of responses to the public comments and a description of any significant changes to the proposed remedy. Notice of the final plan was published in accordance with section 117(b) of CERCLA.

WHEREAS, the RI/FS AOC has been amended five times. The First Amendment, effective March 19, 2013, provides for the performance of the Fisher Study for the LDW. The Second Amendment, effective July 17, 2014, provides for the performance of the Enhanced Natural Recovery ("ENR")/Activated Carbon ("AC") pilot study. The Third Amendment, effective April 27, 2016, provides for the performance of pre-remedial design studies. The Fourth Amendment, effective July 9, 2018, provides for the performance of remedial design ("RD") of the LDW Upper Reach. The Fifth Amendment, effective July 8, 2021, provides for the performance of RD of the LDW Middle Reach. All of the outstanding work of the RI/FS AOC, as amended, is incorporated into and enforceable pursuant to this Consent Decree. The Sixth Amendment provides for the termination of the RI/FS AOC.

WHEREAS, authority is conferred upon the Washington State Attorney General by RCW 70A.305.040(4)(a) to agree to a settlement with any potentially liable person ("PLP") if, after public notice and any required public meeting, Ecology finds the proposed settlement



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

would lead to a more expeditious cleanup of hazardous substances. RCW 70A.305.040(4)(b) requires that such a settlement be entered as a consent decree issued by a court of competent jurisdiction.

WHEREAS, Ecology has determined that a release or threatened release of hazardous substances has occurred at the Site that is the subject of this Decree.

WHEREAS, Ecology gave notice by letter, dated August 2, 2000, to each Settling Work Defendant of Ecology's determination that each Settling Defendant was a PLP under RCW 70.105D.040, after notice and opportunity for comment. Although the other Settling Defendants dispute that they are Potentially Liable Parties under MTCA, for the purposes of effectuating this settlement and without admitting liability or the factual basis for Ecology's allegations, all other Settling Defendants acknowledge that, absent this settlement, Ecology could have issued preliminary PLP notice letters to all other Settling Defendants.

WHEREAS, the Site includes locations of operating maritime and related businesses and the Parties recognize the importance of minimizing conflict between implementation of the remedy and existing and reasonably anticipated uses of the Site.

WHEREAS, based on the information currently available, EPA and the State have determined that the Work will be properly and promptly conducted by Settling Work Defendants if conducted in accordance with this Decree.

WHEREAS, on July 18, 2024, EPA issued a Unilateral Administrative Order ("UAO") to the Settling Work Defendants to implement remedial action at the Site before entry of the Consent Decree. As specified in the UAO, it will terminate upon the Effective Date of this Consent Decree.

WHEREAS, based on the non-participation of numerous defunct and/or non-viable potentially responsible parties, EPA has agreed to waive its unreimbursed Past Response Costs,



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

which total approximately $6.2 million, and 50% of certain Future Response Cost bills up to a total of $16.9 million.

WHEREAS, the State has agreed to waive its unreimbursed Past Response Costs.

WHEREAS, the Parties recognize, and the Court by entering this Decree finds, that this Decree has been negotiated by the Parties in good faith, that implementation of this Decree will expedite the cleanup of the Site and will avoid prolonged and complicated litigation between the Parties, and that this Decree is fair, reasonable, in the public interest, and consistent with CERCLA and MTCA.

NOW, THEREFORE, it is hereby **ORDERED** and **DECREED** as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1367, and 1345, and sections 106, 107 and 113(b) of CERCLA, and personal jurisdiction over the Parties. Venue lies in this District under section 113(b) of CERCLA and 28 U.S.C. §§ 1391(b), and 1395(a), because the Site is located in this judicial district. This Court retains jurisdiction over the subject matter of this action and over the Parties for the purpose of resolving disputes arising under this Decree, entering orders modifying this Decree, or effectuating or enforcing compliance with this Decree. Settling Defendants may not challenge the terms of this Decree or this Court's jurisdiction to enter and enforce this Decree.

## II. PARTIES BOUND

2. This Decree is binding upon the United States and the State and upon Settling Defendants and their successors. Unless the United States otherwise consents, (a) any change in ownership or corporate or other legal status of any Settling Defendant, including any transfer of assets, or (b) any Transfer of the Site or any portion thereof, does not alter any of Settling Defendants' obligations under this Decree. Settling Defendants' responsibilities under this Decree cannot be assigned except under a modification executed in accordance with ¶ 94.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

3. In any action to enforce this Decree, Settling Defendants may not raise as a defense the failure of any of their officers, directors, employees, agents, contractors, subcontractors, or any person representing Settling Defendants to take any action necessary to comply with this Decree. Settling Defendants shall provide notice of this Decree to each person representing Settling Defendants with respect to the Site or the Work. Settling Work Defendants shall provide notice of this Decree to each contractor performing any Work and shall ensure that notice of the Decree is provided to each subcontractor performing any Work.

## III. DEFINITIONS

4. Subject to the next sentence, terms used in this Decree that are defined in CERCLA or the regulations promulgated under CERCLA have the meanings assigned to them in CERCLA and the regulations promulgated under CERCLA. Whenever the terms set forth below are used in this Decree, the following definitions apply:

"Affiliated Contractor" shall mean any business entity that serves as (1) a subcontractor to any of the Settling Work Defendants on any of the Settling Work Defendant's Federal Contracts, or (2) a prime contractor for Federal Contracts, under which a Settling Work Defendant serves as a subcontractor.

"CERCLA" means the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"Consent Decree" or "Decree" means this consent decree, all appendices attached hereto (listed in Section XIX), and all deliverables incorporated into the Decree under ¶ 10.5 of the SOW. If there is a conflict between a provision in Sections I through XXIV and a provision in any appendix or deliverable, the provision in Sections I through XXIV controls.

"Contaminants of Concern (COCs)" for purposes of this Decree are those identified in Section 13.2 of the Record of Decision.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

"Day" or "day" means a calendar day. In computing any period under this Decree, the day of the event that triggers the period is not counted and, where the last day is not a working day, the period runs until the close of business of the next working day. "Working day" means any day other than a Saturday, Sunday, or federal or State holiday.

"Double Recovery" shall mean (1) any Third-Party Reimbursement of any of the response costs for response actions taken or to be taken at or in connection with the Site, as specified in the definition of "Matters Addressed" in ¶ 78 of this Consent Decree, reflected by the payment by the United States pursuant to this Consent Decree, and/or (2) any compensation of any kind provided by the United States to any or all of the Settling Work Defendants or Affiliated Contractors for any such response costs reflected by the payment by the United States pursuant to this Consent Decree, including, but not limited to, direct payments, Federal Contract payments or credits, and the compromise of any claims, causes of action, suits, or demands of any kind whatsoever in law or in equity for such response costs, whether asserted against the United States or other persons or entities.

"DOJ" means the United States Department of Justice.

"Earle M. Jorgensen ASAOC for Implementation of a Removal Action" shall mean the November 5, 2012 Administrative Agreement and Order on Consent for Removal Action Implementation, In the Matter of Lower Duwamish Waterway Superfund Site Jorgensen Forge Early Action Area, CERCLA Docket Number 10-2013-0032, between EPA and the Settling Defendant Earle M. Jorgensen Company."Effective Date" means the date upon which the Court's approval of this Decree is recorded on its docket.

"EPA" means the United States Environmental Protection Agency.

"Ecology" means the State of Washington Department of Ecology and its successor, departments, agencies, or instrumentalities.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

"Federal Contract" shall mean any prime contract, subcontract, or any other agreement transferring value between a Settling Work Defendant and a department, agency, or instrumentality of the United States, including, but not limited to, contracts for goods or services, grants, cooperative agreements, project partnership agreements, cost share agreements, or other agreements, regardless of whether the Settling Work Defendant is a prime contractor or subcontractor.

"Fund" means the Hazardous Substance Superfund established under section 9507 of the Internal Revenue Code, 26 U.S.C. § 9507.

"Harbor Island Superfund Site" is the NPL-listed Superfund Site downstream of the Lower Duwamish Waterway Superfund Site that has been divided into seven operable units including, among others, the West Waterway Sediments Operable Unit and East Waterway Sediments Operable Unit.

"Including" means "including but not limited to."

"Institutional Controls" means proprietary controls (*i.e.*, easements or covenants running with the land that (i) limit land, water, or other resource use, provide access rights, or both and (ii) are created under common law or statutory law by an instrument that is recorded, or for which notice is recorded, in the appropriate land records office) and state or local laws, regulations, ordinances, zoning restrictions, or other governmental controls or notices that: (a) limit land, water, or other resource use to minimize the potential for human exposure to COCs at or in connection with the Site; (b) limit land, water, or other resource use to implement, ensure noninterference with, or ensure the protectiveness of the Remedial Action; (c) provide information intended to modify or guide human behavior at or in connection with the Site; or (d) any combination thereof.

"Interest" means interest at the rate specified for interest on investments of the Fund, as provided under section 107(a) of CERCLA, compounded annually on October 1 of each year.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

The applicable rate of interest will be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. As of the date of lodging of this Decree, rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

"Jorgensen Forge Early Action Area" means the Jorgensen Forge Early Action Area (EAA) generally located within and on the eastern side of the Lower Duwamish Waterway Superfund Site between approximately 3.6 and 3.7 river miles south of Harbor Island; the Removal Action Boundary (RAB) for removal action work conducted in 2014 encompasses approximately 1.6 acres, from top of the bank (elev. approx. 19-20 ft MLLW) to and into the federal navigation channel of the Lower Duwamish Waterway, as generally depicted on the maps attached as Appendix C.

"Matters Addressed" are those matters as defined and/or prescribed in ¶ 78.

"MTCA" means the Washington State Model Toxics Control Act, Revised Code of Washington ("RCW") Chapter 70A.305 and its implementing regulations, the Washington Administrative Code ("WAC") Chapters 173-340 and 173-204.

"National Contingency Plan" or "NCP" means the National Oil and Hazardous Substances Pollution Contingency Plan promulgated under section 105 of CERCLA, codified at 40 C.F.R. Part 300, and any amendments thereto.

"Owner Settling Party" means the General Services Administration and each of the Parties listed in Appendix D that own or control all or a portion of the Site, any Party other than the United States that subsequently is determined to own or control a portion of the Site, and any department, agency, or instrumentality of the United States that subsequently has landholding authority on behalf of the United States and is determined to have jurisdiction, custody, and control of a portion of the Site.

"Paragraph" or "¶" means a portion of this Decree identified by an Arabic numeral or an upper- or lower-case letter.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

"Parties" means the United States, the State, and Settling Defendants.

"Performance Standards" means the cleanup levels and other measures of achievement of the remedial action objectives, as set forth in the ROD.

"Plaintiffs" means the United States and the State.

"Potentially Liable Person" means any person whom Ecology finds, based on credible evidence, to be liable under RCW 70A.305.040.

"RCRA" means the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-6992k, (also known as the Resource Conservation and Recovery Act).

"Record of Decision" or "ROD" means the EPA decision document that memorializes the selection of the remedial action relating to the Site, and was signed on November 21, 2014, by the Associate Director of the Office of Environmental Cleanup, EPA Region 10, and all attachments thereto and as modified by an Explanation of Significant Differences signed on September 30, 2021, by the Administrator of the EPA, and all attachments thereto. The Record of Decision is attached as Appendix A.

"Remedial Action" means the remedial action selected in the Record of Decision.

"Remedial Design" means those activities to be undertaken by Settling Work Defendants to develop plans and specifications for implementing the Remedial Action as set forth in the SOW.

"Remedial Action Levels" means those levels described in Table 28 of the Record of Decision.

"Seafood Consumption Institutional Controls" means the response actions required in Section 13.2.4 of the ROD and Sections 1.3 and 5 of the Statement of Work to reduce human health risks from exposure to COCs in resident fish and shellfish by providing information about how much and what types of fish and shellfish are safe to consume, in the form of fish advisories, education, and culturally appropriate and effective outreach programs.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

"Seafood Consumption Institutional Controls Program" means the program, organization, or arrangement by which the Seafood Consumption Institutional Controls are developed, tested, and documented in an Institutional Control Implementation and Assurances Plan, implemented, as updated and modified by EPA, and through which periodic surveys are performed to update seafood catch and/or consumption information. The 2019 Institutional Control Implementation and Assurances Plan for Seafood Consumption ("Seafood Consumption ICIAP") was developed by Public Health – Seattle & King County and approved by EPA. Public Health – Seattle & King County, through a cooperative agreement funded by EPA, currently implements the Seafood Consumption Institutional Controls Program.

"Scope of the Remedy" means the scope of the remedy set forth in ¶ 1.3 of the SOW attached as Appendix B.

"Section" means a portion of this Decree identified by a Roman numeral.

"Settling Defendants" means the parties identified in Appendix D, and includes the Settling Cash-Out Defendants, Settling Funding Defendant, and Settling Work Defendants. As used in this Decree, this definition means all settling defendants, collectively, and each settling defendant, individually.

"Settling Cash-Out Defendants" shall mean those entities listed in Appendix D.

"Settling Funding Defendant" shall mean Continental Holdings, Inc.

"Settling Work Defendants" shall mean those entities listed in Appendix D.

"Settling Work Defendants' Future Response Costs" shall mean those necessary response costs consistent with the NCP that Settling Work Defendants incur after the Effective Date in implementing this Consent Decree, including, but not be limited to, the costs incurred by Settling Work Defendants pursuant to Section V (Performance of the Work), Section VI (Property Requirements), Section VII (Financial Assurance), and ¶¶ 34 and 35 of Section IX (Payment of Response Costs). Settling Work Defendants' Future Response Costs do not include costs



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

incurred by Settling Work Defendants for actions that are not required by this Consent Decree, including, but not limited to, costs incurred for any response actions required under a material modification of this Decree in accordance with ¶ 11.e, and costs incurred to identify or control upland sources of contamination to the Site, to comply with NPDES permits, and to treat stormwater to remove contaminants.

"Settling Work Defendants' Past Response Costs" shall mean response costs at or in connection with the Site consistent with the NCP incurred by Settling Work Defendants to implement the RI/FS Administrative Order, and to implement the Work prior to the Effective Date of this Consent Decree, including but not limited to work performed to implement the UAO, and do not include costs incurred to identify or control upland sources of contamination to the Site, to comply with NPDES permits, and to treat stormwater to remove contaminants.

"Settling Federal Agencies" means the Department of Defense (i.e., the United States Department of Defense as described in 10 U.S.C. § 111, and its predecessor and successor departments, agencies, or instrumentalities), and the General Services Administration, the Department of Health, Education and Welfare, the Department of Interior, the National Youth Administration, the Public Housing Administration, the Federal Aviation Administration, the Bureau of Indian Affairs, the Veterans Administration, the War Assets Administration, the United States Coast Guard, the Civil Aeronautics Administration, the Works Progress Administration, the Emergency Fleet Corporation, the United States Shipping Board, the Maritime Commission, the Defense Plant Corporation, the Civilian Production Administration, the War Production Board, and the Reconstruction Finance Corporation, including all of those agencies' predecessor and successor departments, agencies, or instrumentalities.

"Site," for the purposes of this Consent Decree only, means the portion of the Lower Duwamish Waterway that is below mean higher high water ("MHHW") and extends south five miles from the southern tip of Harbor Island in Seattle, Washington. The southernmost portion of



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

the Site is located in Tukwila, Washington. The Site includes slips, inlets, and bays connected to the Lower Duwamish Waterway, and banks and other areas (including areas considered or selected for early action) below MHHW. It does not include downstream or upstream areas (such as the Harbor Island Superfund Site), groundwater, or locations above MHHW. The Site is generally depicted on the map attached as Appendix C.

"Special Account" means the special account, within the Fund, established for the Site by EPA under section 122(b)(3) of CERCLA.

"State" means the State of Washington and all of its agencies, including, but not limited to Ecology, but excluding the Washington State Department of Transportation.

"Statement of Work" or "SOW" means the document attached as Appendix B, which describes the activities Settling Work Defendants must perform to implement and maintain the effectiveness of the Remedial Action.

"State Future Response Costs" means all costs (including costs of direct activities and support costs of direct activities as defined in WAC 173-340-550(2)) that the State will incur for work performed by the State and its contractors for the Site under RCW 70A.305 subsequent to the Effective Date that are consistent with WAC 173-340-550(2). State Future Response Costs also includes all interest charges accrued for the State's unreimbursed costs, if any, not paid within ninety (90) days of receipt of Ecology's itemized statement of costs at the rate of twelve percent (12%) per annum, compounded monthly, pursuant to WAC 173-340-550(4).

"State Past Response Costs" means all costs (including costs of direct activities and support costs of direct activities as defined in WAC 173-340-550(2)) that the State has incurred at or in connection with the Site prior to the Effective Date.

"Third-Party Reimbursement" shall mean any payment of, or consideration for, response costs for response actions taken or to be taken at or in connection with the Site, as specified in the definition of "Matters Addressed" in ¶ 78 of this Consent Decree, that a Settling Work



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

Defendant or an Affiliated Contractor receives from any person or entity other than the United States, including, but not limited to, direct payments, insurance or contract recoveries, the discharge of any debt or obligation, or the satisfaction of any claims, causes of action, suits, or demands of any kind whatsoever in law or in equity.

"Transfer" means to sell, assign, convey, lease, mortgage, or grant a security interest in, or where used as a noun, a sale, assignment, conveyance, or other disposition of any interest by operation of law or otherwise.

"United States" means the United States of America and each department, agency, and instrumentality of the United States, including EPA and the Settling Federal Agencies.

"United States Future Response Costs" means all costs (including direct, indirect, payroll, contractor, travel, and laboratory costs) that the United States: (a) pays between September 30, 2022 and the Effective Date; and (b) pays after the Effective Date, in implementing, overseeing, or enforcing this Decree including: (i) in developing, reviewing, and approving deliverables generated under this Decree; (ii) in overseeing Settling Defendants' performance of the Consent Decree and Work; (iii) in assisting or taking action to obtain access or use restrictions under ¶ 15; (iv) in securing, implementing, monitoring, maintaining, or enforcing Institutional Controls, including any compensation paid; (v) in taking action under ¶ 28 (Access to Financial Assurance); (vi) in taking response action described in ¶ 74 because of Settling Work Defendants' failure to take emergency action under ¶ 7.6 of the SOW; (vii) in implementing a Work Takeover under ¶ 14; (viii) in implementing community involvement activities including the cost of any technical assistance grant provided under section 117(e) of CERCLA; (ix) in enforcing this Decree, including all costs paid under Section XII (Dispute Resolution) and all litigation costs; and (x) in conducting periodic reviews in accordance with section 121(c) of CERCLA.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

"United States Past Response Costs" means all costs (including direct, indirect, payroll, contractor, travel, and laboratory costs) that the United States paid in connection with the Site through September 30, 2022, plus all interest on such costs accrued under section 107(a) of CERCLA through such date.

"Use Restriction Agreement" means a proprietary control in a form compliant with the Washington Uniform Environmental Covenants Act, Chapter 64.70 RCW.

"Waste Material" means (a) any "hazardous substance" under Section 101(14) of CERCLA; (b) any pollutant or contaminant under section 101(33) of CERCLA; (c) any "solid waste" under section 1004(27) of RCRA; and (d) any hazardous substance under the Washington State Model Toxics Control Act, RCW 70A.305.

"Work" means all obligations of Settling Work Defendants under Sections V (Performance of the Work) through VIII (Indemnification and Insurance).

"Work Takeover" means EPA's assumption of the performance of any of the Work in accordance with ¶ 14.

## IV. OBJECTIVES

5. The objectives of the Parties in entering into this Decree are to protect public health, welfare, and the environment through the design, implementation, and maintenance of a response action at the Site by Settling Defendants, to pay response costs of Plaintiffs, and to resolve and settle the claims of Plaintiffs against Settling Defendants and the claims of the State and Settling Defendants that were or could have been asserted against the United States and/or State with regard to the Site as provided in this Decree.

## V. PERFORMANCE OF THE WORK

6. This Decree shall supersede the Fourth and Fifth Amendments to the RI/FS AOC as of the Effective Date for the purpose of governing the completion of response actions required by the RI/FS AOC. As directed in the SOW, Settling Work Defendants shall complete remaining



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

response actions required by the RI/FS AOC in accordance with the requirements for work performance set forth in the Fourth and Fifth Amendments to the AOC, which are incorporated herein by reference and made integral and enforceable parts of this Decree for this purpose, and according to the schedule for remaining deliverables contained in the SOW Section 4.1. This Decree supersedes the UAO.

7. Settling Work Defendants shall finance, develop, implement, operate, maintain, and monitor the effectiveness of the Remedial Action all in accordance with the SOW, any modified SOW and all EPA-approved, conditionally approved, or modified deliverables as required by the SOW or modified SOW. Each Settling Cash-Out Defendant and Settling Funding Defendant shall satisfy its requirements under Section VI (Property Requirements), ¶ 36 (Payments by Settling Cash-Out Defendants), ¶ 37 (Payments by Settling Funding Defendant), and Section XVII (Records). Settling Federal Agencies shall satisfy their requirements under Section VI (Property Requirements) and ¶ 38 (Payments by Settling Federal Agencies).

8. Nothing in this Decree and no EPA approval of any deliverable required under this Decree constitutes a warranty or representation by EPA or the State that completion of the Work will achieve the Performance Standards.

9. Settling Work Defendants' and Settling Funding Defendant's obligations to finance the Work and to pay amounts due under this Decree are joint and several. In the event of the insolvency of any Settling Work Defendant or Settling Funding Defendant or the failure by any Settling Work Defendant or Settling Funding Defendant to fulfill its payment obligations, the remaining Settling Work Defendants and Settling Funding Defendant shall make the payments.

10. Settling Work Defendants' obligations to perform the Work are joint and several. In the event of the insolvency of any Settling Work Defendant or the failure by any Settling



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

Work Defendant to participate in the implementation of the Decree, the remaining Settling Work Defendants shall complete the Work.

11. **Modifications to the Remedial Action and Further Response Actions**

a. Nothing in this Decree limits EPA's authority to modify the Remedial Action or to select further response actions for the Site in accordance with the requirements of CERCLA and the NCP. Nothing in this Decree limits Settling Defendants' rights, under sections 113(k)(2) or 117 of CERCLA, to comment on any modified or further response actions proposed by EPA.

b. If EPA modifies the Remedial Action in order to achieve or maintain the Performance Standards, or both, or to carry out and maintain the effectiveness of the Remedial Action, and such modification is consistent with the Scope of the Remedy, then, upon receipt of notice from EPA and subject to the right to initiate dispute resolution under Section XII within 30 days, Settling Work Defendants shall implement the modification as provided in ¶ 11.d.

c. If EPA selects a further response action for the Site because a reopener condition in ¶ 71 is satisfied, then, upon receipt of notice from EPA and subject to the right to initiate dispute resolution under Section XII within 30 days, Settling Work Defendants shall implement the further response action as provided in ¶ 11.d.

d. Settling Work Defendants shall modify the SOW, or related work plans, or both in accordance with the Remedial Action modification, further response action, or the final resolution of the dispute, whichever applies. The Remedial Action modification or further response action, the approved modified SOW, and any related work plans will be deemed to be incorporated into and enforceable under this Decree.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

e. Notwithstanding any other provision in this ¶ 11, any modification to implement an amendment to the Record of Decision that "fundamentally alters the basic features" of the Remedial Action within the meaning of 40 C.F.R. § 300.435(c)(2)(ii) shall be considered a material modification under, and may only be implemented in accordance with, ¶ 94.

12. **Compliance with Applicable Law**. Nothing in this Decree affects Settling Defendants' obligations to comply with all applicable federal and state laws and regulations. Settling Defendants must also comply with all applicable or relevant and appropriate requirements of all federal and state environmental laws as set forth in the Record of Decision and the SOW. The activities conducted in accordance with this Decree, if approved by EPA, will be deemed to be consistent with the NCP as provided under section 300.700(c)(3)(ii).

13. **Coordination with Owner Settling Parties.** Settling Work Defendants shall notify the Owner Settling Parties of the availability of the draft Phase 2 Data Evaluation Report for the Middle and Lower Reaches and shall provide a briefing to inform them of areas subject to active remediation in the Middle Reach and Lower Reach, with a focus on areas to be capped. EPA will consider information the Settling Work Defendants and the Owner Settling Parties provide to EPA within 30 days of a Phase 2 Data Evaluation Report briefing to evaluate and determine whether water-dependent operations warrant a change from capping to dredging to allow for fewer navigational and/or shipping restrictions on the use of a particular area. Settling Work Defendants shall also provide Owner Settling Parties briefing focused on changes to capped areas when the draft 60% remedial design submittal is provided to EPA, and the Owner Settling Parties may submit comments on that submittal to EPA. Nothing in this Paragraph or this Consent Decree shall provide any Owner Settling Party with a basis to dispute an EPA decision related to implementation of the Work required by this Consent Decree.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

14. **Work Takeover**

a. If EPA determines that Settling Work Defendants (i) have ceased to perform any of the Work required under this Section; (ii) are seriously or repeatedly deficient or late in performing the Work required under this Section; or (iii) are performing the Work required under this Section in a manner that may cause an endangerment to human health or the environment, EPA may issue a notice of Work Takeover to Settling Work Defendants, including a description of the grounds for the notice and a period of time ("Remedy Period") within which Settling Work Defendants must remedy the circumstances giving rise to the notice. The Remedy Period will be 30 days or longer as prescribed by EPA, in its unreviewable discretion, to account for the circumstances and the time reasonably needed to implement a remedy, and unless EPA determines in its unreviewable discretion that there may be an endangerment, in which case the Remedy Period will be 15 days.

b. If, by the end of the Remedy Period, Settling Work Defendants do not remedy to EPA's satisfaction the circumstances giving rise to the notice of Work Takeover, EPA may notify Settling Work Defendants and, as it deems necessary, commence a Work Takeover.

c. EPA may conduct the Work Takeover during the pendency of any dispute under Section XII (Dispute Resolution) but shall terminate the Work Takeover if and when: (i) Settling Work Defendants remedy, to EPA's satisfaction, the circumstances giving rise to the notice of Work Takeover; or (ii) upon the issuance of a final determination under Section XII (Dispute Resolution) that EPA is required to terminate the Work Takeover.

## VI. PROPERTY REQUIREMENTS

15. **Access Agreements and Use Restriction Agreements**



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

a. As used in this Section, "Affected Property" means any real property, or portion thereof, within the Site where EPA determines, at any time, that any of the following are needed to implement, assure noninterference with, or assure protectiveness of the Remedial Action: access; Institutional Controls for capped areas; land, water, or other resource use restrictions; or any combination thereof.

b. **Access Agreements.** Settling Work Defendants shall use best efforts to secure from the owner(s) of Affected Property and the owner(s) of suitable areas in very close proximity to the contamination to which access is necessary for implementation of response actions required by this Decree, an agreement, enforceable by Settling Work Defendants and by Plaintiffs, requiring such owner(s) to provide Plaintiffs and Settling Work Defendants, and their respective representatives, contractors, and subcontractors with access to such owners' property in order to conduct any activity at the Site required by the Decree ("Access Agreement"). To the extent practicable while implementing the Work according to the schedule approved by EPA, Access Agreements shall limit access by Settling Work Defendants to reasonable times and require Settling Work Defendants to avoid interference with business operations. Access Agreements also shall provide, unless otherwise agreed by EPA, EPA and Ecology access for the following activities:

(1) implementing the Work and overseeing compliance with the Decree;

(2) conducting investigations of contamination at or near the Site;

(3) assessing the need for, planning, or implementing additional response actions at or near the Site;

(4) determining whether the Site is being used in a manner that is prohibited or restricted, or that may need to be prohibited or restricted under the Decree; and



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

(5) implementing, monitoring, maintaining, reporting on, and enforcing any land, water, or other resource use restrictions and Institutional Controls for capped areas.

c. **Use Restriction Agreements.** When EPA determines that it is necessary to restrict certain property uses (for example, anchoring, spudding, or certain vessel operations) in order to avoid interference with implementation or maintenance of the Remedial Action or to prevent disturbance or damage to a capped area, Settling Work Defendants shall use best efforts to secure from the owner of the Affected Property a Use Restriction Agreement, pursuant to which the owner commits to refrain from using its property in such a manner. All Use Restriction Agreements shall be recorded by the owner of the Affected Property subject to such restriction.

d. Settling Work Defendants shall provide EPA and the State a copy of each Access Agreement and Use Restriction Agreement required under this ¶ 15. If Settling Work Defendants cannot obtain an Access Agreement or Use Restriction Agreement that meets the requirements of this ¶ 15 through best efforts in a timely manner, they shall notify EPA, and include a description of the steps taken to achieve the requirements. EPA may assist Settling Work Defendants, or take independent action, to obtain an Access Agreement or Use Restriction Agreement that incorporates the provisions listed herein.

e. As used in this Section, “best efforts” means the efforts that a reasonable person in the position of Settling Work Defendants would use to achieve the goal in a timely manner, including employing professional assistance or paying reasonable sums of money to secure Access Agreements or Use Restriction Agreements.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

16. **Affirmative Obligation for Access by Owner Settling Parties**. The Owner Settling Parties shall provide Plaintiffs and the Settling Work Defendants, and their representatives, contractors, and subcontractors with access to their Affected Property(ies) and suitable areas in very close proximity to the contamination to which access is necessary for implementation of response actions required by this Decree according to the provisions in ¶ 15.b.

17. **Affirmative Obligation for Use Restrictions by Owner Settling Parties**. The Owner Settling Parties shall refrain from using their Affected Property(ies) within the Site in any manner that EPA determines will pose an unacceptable risk to human health or to the environment because of exposure to COCs, or will interfere with or adversely affect the implementation, integrity, or protectiveness of the Remedial Action, including through recording Use Restriction Agreement(s) as provided pursuant to ¶ 15.c. If an Owner Settling Party would like to conduct an activity at its Affected Property that could disturb a capped area, the Owner Settling Party shall, in addition to obtaining all applicable federal, state, or local permits or approvals, provide EPA with a proposal, for EPA review and approval, pursuant to Section XVIII (Notices and Submissions) of this Decree that describes how the activity will be conducted, including how releases of COCs will be controlled during the activity and how the capped area will be restored after the activity is completed.

18. If EPA determines in a decision document prepared in accordance with the NCP that Institutional Controls (in the form of state or local laws, regulations, ordinances, zoning restrictions, or other governmental controls or notices) for capped areas are appropriate for any Affected Property, Settling Work Defendants shall cooperate with EPA's efforts to secure and ensure compliance with such Institutional Controls.

19. **Notice to Successors-in-Title.**

a. Each Owner Settling Party, except lessees and the General Services Administration and any other department, agency or instrumentality of the



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

United States that becomes an Owner Settling Party, shall, within 30 days after the Effective Date, submit for EPA approval a notice to be recorded regarding its property(ies) at the Site in the appropriate land records. This requirement to provide notice within 30 days of the Effective Date does not apply to properties that are not known to be an Affected Property on the Effective Date. For properties identified after the Effective Date to be an Affected Property, such notice by Owner Settling Party shall be submitted to EPA within 30 days after that identification. The notice must: (1) include a proper legal description of the property(ies); (2) provide notice to all successors-in-title: (i) that the property is part of, or affected by, the Site; (ii) that EPA has selected a remedy for the Site; and (iii) that potentially responsible parties have entered into a Decree requiring implementation of such remedy; and (3) identify the U.S. District Court in which the Decree was filed, the name and civil action number of this case, and the Effective Date of the Decree. Owner Settling Parties shall record the notice within 10 days after EPA's approval of the notice and submit to EPA a copy of the recorded notice, which includes an acknowledgement that it has been recorded by the appropriate land records office, within 14 days of recording.

b. Any Owner Settling Party, except the General Services Administration and any other department, agency or instrumentality of the United States that becomes an Owner Settling Party, shall, prior to entering into a contract to Transfer any interest in its property that is part of the Site, or 60 days prior to a Transfer of such property(ies), whichever is earlier:

(1) Notify the proposed transferee that EPA has selected a remedy regarding the Site, that potentially responsible parties have entered into a Consent Decree requiring implementation of such remedy, and that the United



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

States District Court has entered the Decree (identifying the name and civil action number of this case and the date the Court entered the Decree);

(2) Notify EPA and the State of the name and address of the transferee and provide EPA and the State with a copy of the notice that it provided to the transferee; and

(3) Provide a copy of this Decree to any prospective purchaser, lessee, transferee, assignee, or other successor in said interest, notify all transferee(s) of the restrictions on the activities and uses of the property under this Decree, and incorporate any such access authorizations and use restrictions into the transfer documents.

20. **Settling Federal Agencies Acknowledgement.** The United States acknowledges that each department, agency, or instrumentality of the United States is subject to section 120(h) of CERCLA, as applicable, and use restrictions may be required for any property within the Site transferred to a non-federal entity in accordance with section 120(h)(3)(C)(II). In addition, the General Services Administration will provide notice to EPA 60 days prior to any transfer of custody and accountability to another federal agency and the transfer documents will include a notice of EPA's selected remedy and the restrictions on the activities and use of the property at the Site.

21. Notwithstanding any provision of the Decree, EPA and the State retain all of their access authorities and rights, as well as all of their rights to require land, water, or other resource use restrictions and Institutional Controls, including related enforcement authorities, under CERCLA, RCRA, and any other applicable statute or regulations.

## VII. FINANCIAL ASSURANCE

22. To ensure completion of the Work required under Section V, Settling Work Defendants shall secure financial assurance, initially in the amount of $667,842,290 ("Estimated



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

Cost of the Work") for the benefit of EPA. The financial assurance must: (i) be one or more of the mechanisms listed below, in a form substantially identical to the relevant sample documents available from EPA; and (ii) be satisfactory to EPA. As of the date of lodging of this Decree, the sample documents can be found under the "Financial Assurance - Settlements" category on the Cleanup Enforcement Model Language and Sample Documents Database at https://cfpub.epa.gov/compliance/models/. Settling Work Defendants may use multiple mechanisms if they are limited to surety bonds guaranteeing payment, letters of credit, trust funds, insurance policies, or some combination thereof, or as otherwise provided below. The following are acceptable mechanisms:

a. a surety bond guaranteeing payment, performance of the Work, or both, that is issued by a surety company among those listed as acceptable sureties on federal bonds as set forth in Circular 570 of the U.S. Department of the Treasury;

b. an irrevocable letter of credit, payable to EPA or at the direction of EPA, that is issued by an entity that has the authority to issue letters of credit and whose letter-of-credit operations are regulated and examined by a federal or state agency;

c. a trust fund established for the benefit of EPA that is administered by a trustee that has the authority to act as a trustee and whose trust operations are regulated and examined by a federal or state agency;

d. a policy of insurance that provides EPA with acceptable rights as a beneficiary thereof and that is issued by an insurance carrier that has the authority to issue insurance policies in the applicable jurisdiction(s) and whose insurance operations are regulated and examined by a federal or state agency;

e. a demonstration by one or more Settling Work Defendants that they meet the relevant test criteria of ¶ 23, accompanied by a standby funding



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

commitment that requires the affected Settling Work Defendants to pay funds to or at the direction of EPA, up to the amount financially assured through the use of this demonstration in the event of a Work Takeover;

f. a guarantee to fund or perform the Work executed in favor of EPA by a company: (1) that is a direct or indirect parent company of a Settling Defendant or has a "substantial business relationship" (as defined in 40 C.F.R. § 264.141(h)) with a Settling Work Defendant; and (2) demonstrates to EPA's satisfaction that it meets the financial test criteria of ¶ 23; or

g. a demonstration by one or more local government Settling Work Defendant(s) that it meets the relevant test criteria of ¶ 25.

23. Settling Work Defendants seeking to provide financial assurance by means of a demonstration or guarantee under ¶ 22.e or ¶ 22.f must, within 45 days after the Effective Date:

a. demonstrate that:

(1) the affected Settling Work Defendant or guarantor has:

i. two of the following three ratios: a ratio of total liabilities to net worth less than 2.0; a ratio of the sum of net income plus depreciation, depletion, and amortization to total liabilities greater than 0.1; and a ratio of current assets to current liabilities greater than 1.5; and

ii. net working capital and tangible net worth each at least six times the sum of the Estimated Cost of the Work and the amounts, if any, of other federal, state, or tribal environmental obligations financially assured through the use of a financial test or guarantee; and

iii. tangible net worth of at least $10 million; and



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

iv. assets located in the United States amounting to at least 90 percent of total assets or at least six times the sum of the Estimated Cost of the Work and the amounts, if any, of other federal, state, or tribal environmental obligations financially assured through the use of a financial test or guarantee; or

(2) the affected Settling Work Defendant or guarantor has:

i. a current rating for its senior unsecured debt of AAA, AA, A, or BBB as issued by Standard and Poor's or Aaa, Aa, A or Baa as issued by Moody's; and

ii. tangible net worth at least six times the sum of the Estimated Cost of the Work and the amounts, if any, of other federal, state, or tribal environmental obligations financially assured through the use of a financial test or guarantee; and

iii. tangible net worth of at least $10 million; and

iv. assets located in the United States amounting to at least 90 percent of total assets or at least six times the sum of the Estimated Cost of the Work and the amounts, if any, of other federal, state, or tribal environmental obligations financially assured through the use of a financial test or guarantee.

b. submit to EPA for the affected Settling Work Defendant or guarantor: (1) a copy of an independent certified public accountant's report of the entity's financial statements for the latest completed fiscal year, which must not express an adverse opinion or disclaimer of opinion; and (2) a letter from its chief financial or operating officer and a report from an independent certified public accountant substantially identical to the sample letter and reports available from



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

EPA. As of the date of lodging of this Decree, a sample letter and report are available under the "Financial Assurance - Settlements" subject list category on the Cleanup Enforcement Model Language and Sample Documents Database at https://cfpub.epa.gov/compliance/models/.

24. Settling Work Defendants providing financial assurance by means of a demonstration or guarantee under ¶ 22.e or ¶ 22.f must also:

a. annually resubmit the documents described in ¶ 23.b within 90 days after the close of the affected Settling Work Defendant's or guarantor's fiscal year;

b. notify EPA within 30 days after the affected Settling Work Defendant or guarantor determines that it no longer satisfies the relevant financial test criteria and requirements set forth in this Section; and

c. provide to EPA, within 30 days of EPA's request, reports of the financial condition of the affected Settling Work Defendant or guarantor in addition to those specified in ¶ 23.b; EPA may make such a request at any time based on a belief that the affected Settling Work Defendant or guarantor may no longer meet the financial test requirements of this Section.

25. A local government Settling Work Defendant seeking to provide financial assurance by means of a demonstration under ¶ 22.g must, within 45 days after the Effective Date:

a. demonstrate that:

(1) the local government Settling Work Defendant providing the demonstration is a local government unit (for example a United States city or county).



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

(2) if the local government Settling Work Defendant providing the demonstration has outstanding, rated, general obligation bonds that are not secured by insurance, a letter of credit, or other collateral or guarantee, it must have a current rating of Aaa, Aa, A, or Baa, as issued by Moody's, or AAA, AA, A, or BBB, as issued by Standard and Poor's on all such bonds; or

(3) each of the following financial ratios based on that local government Settling Work Defendant's most recent audited annual financial statement: a ratio of cash plus marketable securities to total expenditures greater than or equal to 0.05; and a ratio of annual debt service to total expenditures less than or equal to 0.20.

b. The local government Settling Work Defendant providing the demonstration must prepare its financial statements in conformity with Generally Accepted Accounting Principles for governments and have its financial statements audited by an independent certified public accountant (or the Washington State Auditor).

c. The local government Settling Work Defendant providing the demonstration must not (1) be currently in default on any outstanding general obligation bonds; (2) must not have any outstanding general obligation bonds rated lower than Baa as issued by Moody's or BBB as issued by Standard and Poor's; (3) must not have operated at a deficit equal to five percent or more of total annual revenue in each of the past two fiscal years; and (4) must not have received an adverse opinion, disclaimer of opinion, or other qualified opinion from the independent certified public accountant (or the Washington State Auditor) auditing its financial statement as required under ¶ 25.b (except for qualifications that are



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

immaterial or deemed insufficient to warrant disallowance of use of the test by the EPA).

d. The following terms used in this section are defined as follows: (1) Deficit equals total annual revenues, minus total annual expenditures, measured on a government-wide basis; (2) Total annual revenues includes all revenues recognized in a fiscal year under applicable accounting principles, from all taxes, fees, charges, and other sources of income, including all utility gross revenues, plus any reserves or fund balance applied or used in that year, but does not include the proceeds from borrowing for capital purposes or revenues realized from asset sales; (3) Total annual expenditures includes all expenditures made during a fiscal year, excluding capital outlays and excluding funds applied to debt repayment and costs of debt issuance; (4) Cash plus marketable securities is all the cash plus marketable securities held by the local government Settling Work Defendant on the last day of a fiscal year, excluding cash and marketable securities designated to satisfy past obligations such as pensions or held by a trustee on behalf of the local government Settling Work Defendant; and (5) Debt service is the amount of principal and interest due on a debt obligation in a given time period, typically the current year.

e. The local government Settling Work Defendant providing the demonstration must place a reference to the estimated cost of the Work assured through the financial test into its next annual comprehensive financial report ("ACFR") after the Effective Date.

f. The amount that can be financially assured by this financial test mechanism by a local government Settling Work Defendant is determined as follows:



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

(1) If the local government Settling Work Defendant does not assure other environmental obligations through a financial test, the estimated cost of the Work may equal up to 43 percent of the local government Settling Work Defendant's total annual revenue.

(2) If the local government Settling Work Defendant assures any other environmental obligations through a financial test, it must add those costs to the estimated cost of the Work it seeks to assure under this Paragraph. The total that may be assured must not exceed 43 percent of the local government Settling Work Defendant's total annual revenue.

g. A local government Settling Work Defendant providing the demonstration under this section must provide the following documents within 45 days of the Effective Date. These documents must also be resubmitted annually, within 270 days following the close of the local government Settling Work Defendant's fiscal year, until the financial assurance requirements are released, or an alternative instrument is accepted by EPA.

(1) A letter signed by the local government Settling Work Defendant's Director of Finance or other official serving as chief financial or operating officer that: lists all the current cost estimates covered by a financial test, as described in ¶ 25.f of this section; provides evidence and certifies that the local government Settling Work Defendant meets the conditions of ¶ 25.a(1) and either ¶ 25.a(2) or ¶ 25.a(3) of this ¶ 25; and certifies that the local government Settling Work Defendant is in compliance with all conditions of this section;

(2) The local government Settling Work Defendant's independently audited year-end financial statements for the latest fiscal year, including the



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

unqualified opinion of the auditor who must be an independent, certified public accountant or an appropriate State agency that conducts equivalent comprehensive audits;

(3) A report to the local government Settling Work Defendant from the local government Settling Work Defendant's independent certified public accountant ("CPA") or the appropriate State agency based on performing an agreed upon procedures engagement relative to the financial ratios required by ¶ 25.a(3), if applicable, and the requirements of ¶ 25.f(1) or f(2). The CPA or State agency's report should state the procedures performed and the CPA or State agency's findings. If the financial ratios under ¶ 25.a(3) are not applicable, then the foregoing requirement may be satisfied by a certificate provided by the local government Settling Work Defendant's Chief Financial or Operating Officer, in reliance upon audited financial statements, attesting that the requirements of ¶ 25.f(1) or 25.f(2), as applicable, have been satisfied; and

(4) A copy of the annual comprehensive financial report used to comply with ¶ 25.e of this section or certification that the requirements of General Accounting Standards Board Statement 18 have been met.

26. Settling Work Defendants shall select and present to EPA for its approval a draft of the form of Settling Defendants' financial assurance at any time prior to, but not later than, 14 days after the Effective Date. Settling Work Defendants shall, within the later of 45 days after EPA approval of the form of the financial assurance or 14 days after the Effective Date, secure all executed or otherwise finalized mechanisms or other documents consistent with the EPA-approved form of financial assurance and shall submit such mechanisms and documents to the Regional Financial Management Officer, DOJ, EPA, and the State in accordance with ¶ 92.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

27. Settling Work Defendants shall diligently monitor the adequacy of the financial assurance. If any Settling Work Defendant becomes aware of any information indicating that the financial assurance provided under this Section is inadequate or otherwise no longer satisfies the requirements of this Section, such Settling Work Defendant shall notify EPA of such information within 10 days. If EPA determines that the financial assurance provided under this Section is inadequate or otherwise no longer satisfies the requirements of this Section, EPA will notify the affected Settling Work Defendant of such determination. Settling Work Defendants shall, within 30 days after notifying EPA or receiving notice from EPA under this Paragraph, secure and submit to EPA for approval a proposal for a revised or alternative financial assurance mechanism that satisfies the requirements of this Section. EPA may extend this deadline for such time as is reasonably necessary for the affected Settling Work Defendant, in the exercise of due diligence, to secure and submit to EPA a proposal for a revised or alternative financial assurance mechanism, not to exceed 60 days. Settling Work Defendants shall follow the procedures of ¶ 29 in seeking approval of, and submitting documentation for, the revised or alternative financial assurance mechanism. Settling Work Defendants' inability to secure financial assurance in accordance with this Section does not excuse performance of any other requirement of this Decree.

28. **Access to Financial Assurance**

a. If EPA issues a notice of a Work Takeover under ¶ 14.b, then, in accordance with any applicable financial assurance mechanism including the related standby funding commitment(s), EPA may require that any funds guaranteed be paid in accordance with ¶ 28.d.

b. If EPA is notified that the issuer of a financial assurance mechanism intends to cancel the mechanism, and the affected Settling Work Defendant fails to provide an alternative financial assurance mechanism in



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

accordance with this Section at least 90 days prior to the cancellation date, the funds guaranteed under such mechanism must be paid prior to cancellation in accordance with ¶ 28.d.

c. If, upon issuance of a notice of a Work Takeover under ¶ 14.b, either: (1) EPA is unable for any reason to promptly secure the resources guaranteed under any applicable financial assurance mechanism, whether in cash or in kind, to continue and complete the Work; or (2) the financial assurance is a demonstration or guarantee under ¶ 22.e, 22.f, or 22.g, then EPA is entitled to demand an amount, as determined by EPA, sufficient to cover the cost of the Work to be taken over. Settling Work Defendants' obligation to pay the demanded amount is joint and several, however, EPA will accept payment by each of the Settling Work Defendants of its own share of such costs as well as its proportion of shares of such costs for which other parties are responsible to reimburse Settling Work Defendants, the total of which will be 100% of the demanded costs. Payments shall be made within 30 days of the demand except for amounts exceeding the current budget authority of the responsible departments for the City of Seattle and King County. For amounts exceeding current budget authority, the City of Seattle and King County shall immediately initiate the steps necessary to obtain sufficient budget authority. Payment of the remaining amounts shall be made no later than 30 days after the necessary budget authority has been enacted and in any event within 120 days of the demand unless an alternative payment schedule is approved by EPA.

d. Any amounts required to be paid under this ¶ 28 must be, as directed by EPA: (i) paid to EPA in order to facilitate the completion of the Work by EPA or by another person; or (ii) deposited into an interest-bearing account, established at a duly chartered bank or trust company that is insured by the FDIC, in



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

order to facilitate the completion of the Work by another person. If payment is made to EPA, EPA may deposit the payment into the Fund or into the Special Account to be retained and used to conduct or finance response actions at or in connection with the Site, or to be transferred by EPA to the Fund.

29. **Modification of Amount, Form, or Terms of Financial Assurance**. Beginning after the first anniversary of the Effective Date, and no more than once per calendar year, Settling Work Defendants may submit a request to change the form, terms, or amount of the financial assurance mechanism. Any such request must be submitted to EPA in accordance with ¶ 26 and must include an estimate of the cost of the remaining Work, an explanation of the basis for the cost calculation, and a description of the proposed changes, if any, to the form or terms of the financial assurance. EPA will notify Settling Work Defendants of its decision regarding the request. Settling Work Defendants may initiate dispute resolution under Section XII regarding EPA's decision within 30 days after receipt of the decision. Settling Work Defendants may modify the form, terms, or amount of the financial assurance mechanism only: (a) in accordance with EPA's approval; or (b) in accordance with any resolution of a dispute under Section XII. The affected Settling Work Defendant(s) shall submit to EPA, within 30 days after receipt of EPA's approval or consistent with the terms of the resolution of the dispute, documentation of the change to the form, terms, or amount of the financial assurance.

30. **Release, Cancellation, or Discontinuation of Financial Assurance**. Settling Work Defendants may release, cancel, or discontinue any financial assurance provided under this Section only: (a) if EPA issues a Certification of Work Completion under ¶ 7.10 of the SOW; (b) in accordance with EPA's approval of such release, cancellation, or discontinuation; or (c) if there is a dispute regarding the release, cancellation, or discontinuance of any financial assurance, in accordance with the agreement, final administrative decision, or final judicial decision resolving such dispute under Section XII.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

## VIII. INDEMNIFICATION AND INSURANCE

31. **Indemnification**

a. Plaintiffs do not assume any liability by entering into this Decree or by virtue of any designation of Settling Work Defendants as EPA's and the State's authorized representatives under section 104(e)(1) of CERCLA. To the extent permitted by law, Settling Work Defendants shall indemnify and save and hold harmless Plaintiffs and their officials, agents, employees, contractors, subcontractors, and representatives for or from any claims or causes of action arising from, or on account of, negligent or other wrongful acts or omissions of Settling Work Defendants, their officers, directors, employees, agents, contractors, subcontractors, and any persons acting on Settling Work Defendants' behalf or under their control, in carrying out activities under this Decree, including any claims arising from any designation of Settling Work Defendants as EPA's and the State's authorized representatives under section 104(e)(1) of CERCLA. Further, to the extent permitted by law, Settling Work Defendants agree to pay Plaintiffs all costs they incur including attorneys' fees and other expenses of litigation and settlement arising from, or on account of, claims made against Plaintiffs based on negligent or other wrongful acts or omissions of Settling Work Defendants, their officers, directors, employees, agents, contractors, subcontractors, and any persons acting on their behalf or under their control in carrying out activities under this Decree. Plaintiffs may not be held out as a party to any contract entered into by or on behalf of Settling Work Defendants in carrying out activities under this Decree. The Settling Work Defendants and any such contractor may not be considered an agent of Plaintiffs.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

b. Each Plaintiff shall give Settling Work Defendants notice of any claim for which such Plaintiff plans to seek indemnification in accordance with this ¶ 31 and shall consult with Settling Work Defendants prior to settling such claim.

32. Settling Defendants covenant not to sue and shall not assert any claim or cause of action against Plaintiffs for damages or reimbursement or for set-off of any payments made or to be made to Plaintiffs, arising from or on account of any contract, agreement, or arrangement between any one or more of the Settling Defendants and any person for performance of Work or other activities on or relating to the Site, including claims on account of construction delays. In addition, Settling Work Defendants shall indemnify and save and hold Plaintiffs harmless with respect to any claims for damages or reimbursement arising from or on account of any contract, agreement, or arrangement between any one or more of the Settling Work Defendants and any person for performance of work at or relating to the Site, including claims on account of construction delays.

33. **Insurance**. Settling Work Defendants shall secure, by no later than 15 days before commencing any on-Site Work, the following insurance: (a) commercial general liability insurance with limits of liability of $1 million per occurrence; (b) automobile liability insurance with limits of liability of $1 million per accident; and (c) umbrella liability insurance with limits of liability of $5 million in excess of the required commercial general liability and automobile liability limits. The insurance policy must name Plaintiffs as additional insured with respect to all liability arising out of the activities performed by or on behalf of Settling Work Defendants under this Decree. Settling Work Defendants shall maintain this insurance until the first anniversary after issuance of EPA's Certification of Remedial Action Completion under ¶ 7.9 of the SOW. In addition, for the duration of this Decree, Settling Work Defendants shall satisfy, or shall ensure that their contractors or subcontractors satisfy, all applicable laws and regulations



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

regarding the provision of worker's compensation insurance for all persons performing the Work on behalf of Settling Work Defendants in furtherance of this Decree. Prior to commencement of the Work, Settling Work Defendants shall provide to EPA certificates of such insurance and a copy of each insurance policy. Settling Work Defendants shall resubmit such certificates and copies of policies each year on the anniversary of the Effective Date. If Settling Work Defendants demonstrate by evidence satisfactory to EPA that any contractor or subcontractor maintains insurance equivalent to that described above, or insurance covering the same risks but in a lesser amount, then, with respect to that contractor or subcontractor, Settling Work Defendants need provide only that portion of the insurance described above that is not maintained by the contractor or subcontractor. Settling Work Defendants shall ensure that all submittals to EPA under this Paragraph identify the Lower Duwamish Waterway Superfund Site, Seattle, Washington, and the civil action number of this case.

## IX. PAYMENTS FOR RESPONSE COSTS

34. **Payments by Settling Work Defendants for United States Future Response Costs**

a. **Periodic EPA Bills**. On a periodic basis, EPA will send Settling Work Defendants a bill for United States Future Response Costs, including a "SCORPIOS Report" or other standard cost summary listing direct and indirect costs paid by EPA, its contractors, subcontractors, and DOJ. Settling Work Defendants may initiate a dispute under Section XII regarding a United States Future Response Cost billing, but only if the dispute relates to one or more of the following issues: (i) whether EPA has made an arithmetical error; (ii) whether EPA has included a cost item that is not within the definition of United States Future Response Costs; or (iii) whether EPA has paid excess costs as a direct result of an EPA action that was inconsistent with a specific provision or provisions of the NCP.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

Settling Work Defendants must specify in the Notice of Dispute the contested costs and the basis for the objection.

b. **Payment of EPA Bill**. Settling Work Defendants shall pay all United States Future Response Costs that EPA incurs in implementing the Seafood Consumption Institutional Controls Program and shall pay 50% of each bill for all other United States Future Response Costs they receive until EPA has forgiven $16.9 million in billed United States Future Response Costs. Thereafter, Settling Work Defendants shall pay EPA for all United States Future Response Costs which EPA incurs. In addition, if EPA conducts a Work Takeover pursuant to ¶ 14 Settling Work Defendants shall pay 100% of all United States Future Response Costs EPA incurs conducting said Work Takeover. Settling Work Defendants shall pay the bill, or if they initiate dispute resolution, the uncontested portion of the bill, if any, within 45 days after receipt of the bill. Settling Work Defendants shall pay the contested portion of the bill determined to be owed, if any, within 45 days after the determination regarding the dispute. Each payment for: (i) the uncontested bill or portion of bill, if late, and (ii) the contested portion of the bill determined to be owed, if any, must include an additional amount for Interest accrued from the date of receipt of the bill through the date of payment. Settling Work Defendants shall make payment at https://www.pay.gov using the "EPA Miscellaneous Payments Cincinnati Finance Center" link, and include references to the Site/Spill ID and DJ numbers listed in ¶ 92 and the purpose of the payment. Settling Work Defendants shall send notices of this payment to DOJ and EPA in accordance with ¶ 92.

35. **Payments by Settling Work Defendants for State Future Response Costs**

a. **Payment of State Future Response Costs**. Settling Work Defendants shall pay to Ecology the State Future Response Costs incurred by



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

Ecology pursuant to this Decree and consistent with WAC 173-340-550(2). These costs shall include work performed by Ecology or its contractors for, or on, the Site under RCW 70A.305, including remedial actions, oversight, and administration. These costs are for work performed subsequent to the entry of this Decree. Ecology's costs shall include costs of direct activities and support costs of direct activities as defined in WAC 173-340-550(2). For all costs incurred, Settling Work Defendants shall pay the required amount within 45 days of receiving from Ecology an itemized statement of costs that includes a summary of costs incurred, an identification of involved staff, and the amount of time spent by involved staff members on the project. A general statement of work performed will be provided upon request. Itemized statements shall be prepared quarterly. Pursuant to WAC 173-340-550(4), failure to pay Ecology's costs within 90 days of receipt of the itemized statement of costs will result in interest charges at the rate of twelve percent (12%) per annum, compounded monthly.

b. **Payment of State Bill.** Settling Work Defendants shall make payments to the State of Washington in the form of a certified check payable to the "Model Toxics Control Capital Account" at Washington State Department of Ecology, Cashiering Unit, PO Box 47611, Olympia, WA 98504-7611.

36. **Payments by Settling Cash-Out Defendants.** Within 30 days after the Effective Date, or as otherwise provided in Appendix D, Settling Cash-Out Defendants shall deposit into an account as specified by Settling Work Defendants and as approved by EPA the amounts listed in Appendix D in contribution towards Settling Work Defendants' Future Response Costs and provide notice to EPA of the payments made, consistent with Section XVIII (Notices and Submissions). No Settling Cash-Out Defendant shall be responsible for any payment required of any other party.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

37. **Payments by Settling Funding Defendant**. Settling Funding Defendant shall deposit in an account(s) as specified by Settling Work Defendants and as approved by EPA amounts as determined pursuant to Appendix D in contribution towards Settling Work Defendants' Future Response Costs, including Settling Work Defendants' obligations to pay United States Future Response Costs and State Future Response Costs pursuant to this Section, and provide notice to EPA of the payments made, consistent with Section XVIII (Notices and Submissions).

38. **Responsibility for Payments by Settling Federal Agencies**

a. As soon as reasonably practicable after the Effective Date, the United States, on behalf of Settling Federal Agencies, shall pay to Settling Work Defendants $140,000,000.00 for Settling Work Defendants' Past Response Costs and Settling Work Defendants' Future Response Costs by Automated Clearing House ("ACH") Electronic Funds Transfer in accordance with instructions provided by Settling Work Defendants on or before the Effective Date that specify the following funds transfer information.

EFT Payable to: *****

Bank Name: *****

Bank address: *****

ABA Routing Number: *****

Account number: *****

Name & Type of account: *****

Taxpayer ID #: *****

b. **Interest**. If any payment required by ¶ 38.a is not made within 120 days after the Effective Date, or within 120 days after the Settling Work Defendants provide full and correct payment instructions, whichever is later, the



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

United States, on behalf of Settling Federal Agencies, shall pay Interest on the unpaid balance, with such Interest commencing on the 121st day after the Effective Date and accruing through the date of the payment.

c. The Settling Federal Agencies' payments under this Decree can only be paid from appropriated funds legally available for such purpose. Nothing in this Decree constitutes a commitment or requirement that any Settling Federal Agency obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable provision of law.

39. **No Double Recovery**

a. As a matter of comity in this particular case between the United States and the City of Seattle and King County, requirements in this Consent Decree regarding Third Party Reimbursements do not apply to the City of Seattle or King County. For purposes of this particular case only, payments by any of the entities and individuals listed on Appendix F of this Consent Decree for response costs at or in connection with the Site shall not be treated in this Consent Decree as Third-Party Reimbursements to Boeing. Disbursements made under Section X of this Consent Decree (Disbursement of Special Account Funds) shall not be treated as Double Recovery in this Consent Decree as to the City of Seattle, King County, or Boeing.

b. Except for the Double Recovery that was received by Boeing and then reimbursed to the United States by Boeing on January 10, 2019, pursuant to the consent decree entered on Dec. 20, 2018 in *The Boeing Co. v. United States*, Case No. 18-0567-JCC (W.D. Wash.), Boeing hereby warrants that it has not sought or received, and shall not in the future seek or receive, any Double Recovery. With regard to Federal Contracts, if any, the other Settling Work Defendants hereby



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

warrant that they have not sought or received, and shall not in the future seek or receive, any Double Recovery.

Each Settling Work Defendant shall take additional steps necessary to ascertain the amount of charges, if any, to the United States for response costs for response actions taken or to be taken at or in connection with the Site, as specified in the definition of "Matters Addressed" in ¶ 78 of this Consent Decree, in contracts with the United States for the contract performance periods prior to the Effective Date of this Consent Decree, if any, and, within 180 days of the date of entry of this Consent Decree, each Settling Work Defendant shall identify said amounts in a notice to the United States and shall pay the United States dollar for dollar the amount of any such response costs that may have been charged to Federal Contracts. Said payments shall be made: in the form of credits on ongoing Federal Contracts between the Settling Work Defendant and the United States Army Corps of Engineers or the United States Department of Defense (which includes any other component, office, agency, command, or instrumentality thereof), with said Federal Contracts to be identified by the Department of Defense; or, at the option of the Department of Defense, in such other form as the Department of Defense directs.

c. With the exception of disbursements made under Section X (Disbursement of Special Account Funds) and payments by any of the entities and individuals listed on Appendix F of this Consent Decree for response costs at or in connection with the Site, Boeing shall not include in any claim, contract charge, reimbursement request, or invoice to the United States any response costs for response actions taken or to be taken at or in connection with the Site, as specified in the definition of "Matters Addressed" in ¶ 78 of this Consent Decree, for which



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

Boeing has received payment or for which Boeing has received credit toward its share of the Settling Work Defendants' Past Response Costs or Settling Work Defendants' Future Response Costs, either under this Decree or through Third-Party Reimbursement, whether such a claim, charge, request, or invoice is submitted pursuant to any Federal Contract, or any claim, cause of action, suit, or demand of any kind whatsoever in law or in equity. All such costs, whether direct or indirect, shall be deemed to be and shall be identified in Boeing's accounting system as "mutually agreed to be unallowable" costs subject to Federal Acquisition Regulation ("FAR") 31.201-6, Accounting for Unallowable Costs, and Cost Accounting Standard ("CAS") 405 (including any subsequent amendments or modifications to FAR 31.201-6 and CAS 405) and thus excluded from any billing, claim, or proposal applicable to any Federal Contracts, including, but not limited to, any final billing, final contract cost proposal, or final overhead rate proposal.

d. Each Settling Work Defendant shall not claim or receive response costs for response actions taken or to be taken in connection with the Site, as specified in the definition of Matters Addressed, pursuant to any indemnification, hold-harmless, or other provision in any Federal Contract.

e. Each Settling Work Defendant shall comply with CAS 405 (including any subsequent amendments or modifications thereto) when accounting for unallowable costs in any billing, claim, or proposal applicable to any Federal Contract. CAS 405 shall apply even if the Settling Work Defendant is not otherwise subject to CAS.

f. Any costs rendered unallowable under the terms of this Consent Decree, if included by a Settling Work Defendant in any billing, claim or proposal applicable to any Federal Contract and not returned in accordance with



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

¶ 39.g below shall be deemed to be costs that have been "determined to be unallowable" and therefore subject to penalties within the meaning of FAR 42.709-1, clause 52.242-3 (Penalties for Unallowable Costs), and related provisions.

g. The Settling Work Defendants shall provide a complete copy of this Consent Decree to the administrative contracting officials of the United States with cognizance over future response costs related to response actions taken or to be taken at or in connection with the Site, as specified in the definition of Matters Addressed, and to the responsible official or employee of the Settling Work Defendant with the responsibility for implementing the obligations or requirements of this Consent Decree.

h. In the event that a Settling Work Defendant or an Affiliated Contractor receives a Double Recovery under part (2) of the definition of Double Recovery set forth above, within 90 days after such receipt, the Settling Work Defendant shall repay the United States dollar for dollar in the amount of the Double Recovery (e.g., the full amount received pursuant to a Federal Contract); in addition, Boeing shall credit the United States 12.25% for all sums that Boeing receives as a Third-Party Reimbursement or for which Boeing has received credit toward its share of the Settling Work Defendants' Past Response Costs or Settling Work Defendants' Future Response Costs. Such amount shall accrue interest as described in 26 U.S.C. §§ 6621 and 6622 from the date on which it was received. If a Double Recovery is received from the United States pursuant to a Federal Contract, the Settling Work Defendant shall notify the cognizant Contracting Officer for that Federal Contract in writing within 30 days after discovery of such receipt, and reimburse the United States by transmitting a sum equal to the amount of the Double Recovery in accordance with written instructions provided by the cognizant Contracting Officer.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

40. **Deposit of Payments**. EPA may, in its unreviewable discretion, deposit the amounts paid under ¶ 34.b in the Fund, in the Special Account, or both. EPA may, in its unreviewable discretion, retain and use any amounts deposited in the Special Account to conduct or finance response actions at or in connection with the Site, or transfer those amounts to the Fund.

## X. DISBURSEMENT OF SPECIAL ACCOUNT FUNDS

41. **Creation of the Disbursement Special Account and Agreement to Disburse Funds to Settling Work Defendants**. Within 45 days after the Effective Date, EPA will establish the Lower Duwamish Waterway Disbursement Special Account ("Disbursement Special Account") and shall transfer $4,396,490.83 from the Special Account to the Disbursement Special Account. Subject to the terms and conditions set forth in this Section, and as additional incentive for the commitment by Settling Work Defendants to perform the Work under Section V of this Decree, EPA agrees to make the funds in the Disbursement Special Account, including Interest Earned on the funds in the Disbursement Special Account, available for disbursement to Settling Work Defendants. EPA shall disburse funds from the Disbursement Special Account to Settling Work Defendants in accordance with the procedures and milestones for phased disbursement set forth in this Section. For purposes of this Paragraph, "Interest Earned" means interest earned on amounts in the Lower Duwamish Waterway Disbursement Special Account, which will be computed monthly at a rate based on the annual return on investments of the EPA Hazardous Substance Superfund. The applicable rate of interest will be the rate in effect at the time the interest accrues.

42. **Timing and Amount of Disbursements**. Within 45 days after EPA's receipt of a Cost Summary and Certification, as defined by ¶ 44.b, or if EPA has requested additional information under ¶ 44.b or a revised Cost Summary and Certification under ¶ 44.d, within 45 days after receipt of the additional information or revised Cost Summary and Certification,



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

and subject to the conditions set forth in this Section, EPA shall disburse the funds from the Disbursement Special Account at the completion of the following milestones, and in the amounts set forth below:

| **Milestone** | **Funds to be Disbursed** |
|---|---|
| Effective Date of the Consent Decree | $2,484,299.08 |
| EPA approval of Remedial Action Work Plan for the Middle Reach | $1,882,191.75 or remainder of funds |

43. EPA shall disburse the funds from the Disbursement Special Account to Settling Work Defendants in accordance with instructions provided by Settling Work Defendants on or before the Effective Date that specify the following funds transfer information:

EFT Payable to: *****

Bank Name: *****

Bank address: *****

ABA Routing Number: *****

Account number: *****

Name & Type of account: *****

Taxpayer ID #: *****

44. **Requests for Disbursement of Special Account Funds**

a. Within 45 days after issuance of EPA's written confirmation that a milestone of the Work, as defined in ¶ 42, has been satisfactorily completed, Settling Work Defendants shall submit to EPA a Cost Summary and Certification, as defined in ¶ 44.b, that documents that costs were incurred by Settling Work Defendants during the period between November 21, 2014 and December 31, 2022 to develop and perform response actions reviewed and approved by EPA at the Site. Settling Work Defendants shall not include in any submission costs included in a



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

previous Cost Summary and Certification following completion of an earlier milestone of the Work if those costs have been previously sought or reimbursed in accordance with ¶ 42.

b. Each Cost Summary and Certification must include a complete and accurate written cost summary and certification of the necessary costs incurred and paid by Settling Work Defendants for costs incurred by Settling Work Defendants after November 21, 2014 through December 31, 2022 to develop and perform response actions reviewed and approved by EPA at the Site covered by the particular submission, excluding costs not eligible for disbursement under ¶ 45. Each Cost Summary and Certification must contain the following statement signed by the Chief Financial or Operating Officer of a Settling Work Defendant, or a designee of that person or other financial officer approved by EPA:

> To the best of my knowledge, after thorough investigation and review of Settling Work Defendants' documentation of costs for this submission, which were incurred and paid during the period between November 21, 2014 and December 31, 2022 to develop and perform response actions reviewed and approved by EPA at the Site, I certify that the information contained in or accompanying this submission is true, accurate, and complete. I am aware that there are significant penalties for knowingly submitting false information, including the possibility of fine and imprisonment.

c. The Chief Financial or Operating Officer of a Settling Work Defendant, or a designee of that person or other financial officer approved by EPA shall also provide EPA a list of the documents that they reviewed in support of the Cost Summary and Certification. Upon request by EPA, Settling Work Defendants shall submit to EPA any additional information that EPA deems necessary for its review and approval of a Cost Summary and Certification.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

d. If EPA finds that a Cost Summary and Certification includes an arithmetical error, costs excluded under ¶ 45, costs that are inadequately documented, or costs submitted in a prior Cost Summary and Certification, it will notify Settling Work Defendants and provide them an opportunity to cure the deficiency by submitting a revised Cost Summary and Certification. If Settling Work Defendants fail to cure the deficiency within 45 days after being notified of, and given the opportunity to cure, the deficiency, EPA will recalculate Settling Work Defendants' costs eligible for disbursement for that submission and disburse the corrected amount to Settling Defendants in accordance with the procedures in ¶ 42. Settling Work Defendants may dispute EPA's recalculation under this Paragraph in accordance with Section XII. In no event may Settling Work Defendants be disbursed funds from the Disbursement Special Account in excess of amounts properly documented in a Cost Summary and Certification accepted or modified by EPA.

45. **Costs Excluded from Disbursement**. The following costs are excluded from, and may not be sought by Settling Work Defendants for, disbursement from the Disbursement Special Account: (a) response costs paid in accordance with Section IX (Payments for Response Costs); (b) any other payments made by Settling Work Defendants to the United States in accordance with this Decree, including any Interest or stipulated penalties paid in accordance with Sections IX (Payments for Response Costs) or XIII (Stipulated Penalties); (c) attorneys' fees and costs, except for reasonable attorneys' fees and costs necessarily related to obtaining access or institutional controls as required to implement response actions approved by EPA at the Site; (d) costs of any response activities Settling Work Defendants perform that are not required to implement response actions approved by EPA at the Site; (e) costs related to Settling Work Defendants' litigation, settlement, development of potential contribution claims, or identification



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

of defendants; (f) internal costs of Settling Work Defendants, including salaries, travel, or in-kind services, except for those costs that represent the work of employees of Settling Work Defendants directly performing the response actions; or (g) any costs incurred by Settling Work Defendants under Section XII (Dispute Resolution).

46. **Termination of Disbursements**. EPA's obligation to disburse funds from the Disbursement Special Account under this Decree terminates upon EPA's determination that Settling Work Defendants: (a) have knowingly submitted a materially false or misleading Cost Summary and Certification; (b) have submitted a materially inaccurate or incomplete Cost Summary and Certification, and have failed to correct the materially inaccurate or incomplete Cost Summary and Certification within 45 days after being notified of, and given the opportunity to cure, the deficiency; or (c) failed to submit a Cost Summary and Certification as required by ¶ 44 within 45 days (or such longer period as EPA agrees) after being notified that EPA intends to terminate its obligation to make disbursements under this Section because of Settling Work Defendants' failure to submit the Cost Summary and Certification as required by ¶ 44. EPA's obligation to disburse funds from the Disbursement Special Account also terminates upon EPA's assumption of performance of any portion of the Work in accordance with ¶ 14, when such assumption of performance of the Work is not challenged by Settling Defendants or, if challenged, is upheld under Section XII (Dispute Resolution). Settling Defendants may dispute EPA's termination of special account disbursements under Section XII (Dispute Resolution).

47. **Recapture of Disbursements**. Upon termination of disbursements from the Disbursement Special Account under ¶ 46, if EPA has previously disbursed funds from the Disbursement Special Account for activities specifically related to the reason for termination, e.g., discovery of a materially false or misleading submission after disbursement of funds based on that submission, EPA shall submit a bill to Settling Defendants for those amounts already disbursed from the Disbursement Special Account specifically related to the reason for



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

termination, plus Interest on that amount covering the period from the date of disbursement of the funds by EPA to the date of repayment of the funds by Settling Defendants. Within 45 days after receipt of EPA's bill, Settling Defendants shall reimburse the Fund for the total amount billed. Payment must be made in accordance with ¶ 34.b. Upon receipt of payment, EPA may, in its sole discretion, deposit all or any portion thereof in the Special Account, the Disbursement Special Account, or the Fund.

48. **Balance of Special Account Funds**. After EPA issues its written Certification of Remedial Action Completion in accordance with this Decree, and after EPA completes all disbursement to Settling Work Defendants in accordance with this Section, if any funds remain in the Disbursement Special Account, EPA may, in its sole discretion, transfer such funds to the Special Account or to the Fund.

## XI. FORCE MAJEURE

49. "Force majeure," for purposes of this Decree, means any event arising from causes beyond the control of Settling Work Defendants, of any entity controlled by Settling Work Defendants, or of Settling Work Defendants' contractors that delays or prevents the performance of any obligation under this Decree despite Settling Work Defendants' best efforts to fulfill the obligation. Given the need to protect public health and welfare and the environment, the requirement that Settling Work Defendants exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure and best efforts to address the effects of any potential force majeure (a) as it is occurring and (b) following the potential force majeure such that the delay and any adverse effects of the delay are minimized to the greatest extent possible. "Force majeure" does not include financial inability to complete the Work or a failure to achieve the Performance Standards.

50. If any event occurs for which Settling Work Defendants will or may claim a force majeure, Settling Work Defendants shall notify EPA's Project Coordinator by email. The



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

deadline for the initial notice is 7 days after the date Settling Work Defendants first knew or should have known that the event would likely delay performance. Settling Work Defendants shall be deemed to know of any circumstance of which any contractor of, subcontractor of, or entity controlled by Settling Work Defendants knew or should have known. Within 14 days after the initial notice, Settling Work Defendants shall send a further notice to EPA and the State that includes: (i) a description of the event and its effect on Settling Work Defendants' completion of the requirements of the Decree; (ii) a description of all actions taken or to be taken to prevent or minimize the adverse effects or delay; (iii) the proposed extension of time for Settling Work Defendants to complete the requirements of the Decree; (iv) a statement as to whether, in the opinion of Settling Work Defendants, such event may cause or contribute to an endangerment to public health or welfare, or the environment; and (v) all available proof supporting their claim of force majeure. Failure to comply with the notice requirements herein regarding an event precludes Settling Work Defendants from asserting any claim of force majeure regarding that event, provided, however, that if EPA, despite late or incomplete notice, is able to assess to its satisfaction whether the event is a force majeure under ¶ 49 and whether Settling Work Defendants have exercised their best efforts under ¶ 49, EPA may, in its unreviewable discretion, excuse in writing Settling Work Defendants' failure to submit timely or complete notices under this Paragraph.

51. EPA will notify Settling Work Defendants of its determination whether Settling Work Defendants are entitled to relief under ¶ 49, and, if so, the duration of the extension of time for performance of the obligations affected by the force majeure. An extension of the time for performance of the obligations affected by the force majeure shall not, of itself, extend the time for performance of any other obligation. Settling Work Defendants may initiate dispute resolution under Section XII regarding EPA's determination within 15 days after receipt of the determination. In any such proceeding, Settling Work Defendants have the burden of proving



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

that they are entitled to relief under ¶ 49 and that their proposed extension was or will be warranted under the circumstances.

52. The failure by EPA to timely complete any activity under the Decree or the SOW is not a violation of the Decree, provided, however, that if such failure prevents Settling Work Defendants from timely completing a requirement of the Decree, Settling Work Defendants may seek relief under this Section.

## XII. DISPUTE RESOLUTION

53. Unless otherwise provided in this Decree, Settling Defendants must use the dispute resolution procedures of this Section to resolve any dispute arising under this Decree. Settling Defendants shall not initiate a dispute challenging the Record of Decision. The United States may enforce any requirement of the Decree that is not the subject of a pending dispute under this Section.

54. A dispute will be considered to have arisen when one or more Settling Defendants sends a written notice of dispute ("Notice of Dispute"). Disputes arising under this Decree must in the first instance be the subject of informal negotiations between the parties to the dispute. The period for informal negotiations may not exceed 20 days after the dispute arises, unless the parties to the dispute otherwise agree. If the parties cannot resolve the dispute by informal negotiations, the position advanced by EPA is binding unless the Settling Defendant or Settling Defendants initiate formal dispute resolution under ¶ 55. By agreement of the parties, mediation may be used during this informal negotiation period to assist the parties in reaching a voluntary resolution or narrowing of the matters in dispute.

55. **Formal Dispute Resolution**

a. **Statements of Position**. The Settling Defendant(s) may initiate formal dispute resolution by serving on the Plaintiffs, within 20 days after the conclusion of informal dispute resolution under ¶ 54, an initial Statement of Position



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

regarding the matter in dispute. The Plaintiffs' responsive Statement of Position are due within 20 days after receipt of the initial Statement of Position. All Statements of Position must include supporting factual data, analysis, opinion, and other documentation. A reply, if any, is due within 5 working days after receipt of the response. If appropriate, EPA may extend the deadlines for filing statements of position for up to 30 days and may allow the submission of supplemental statements of position.

b. **Formal Decision**. The Director of the Superfund & Emergency Management Division, EPA Region 10, will issue a formal decision resolving the dispute ("Formal Decision") based on the statements of position and any replies and supplemental statements of position. The Formal Decision is binding on Settling Defendant(s) unless they timely seek judicial review under ¶ 57.

c. **Compilation of Administrative Record**. EPA shall compile an administrative record regarding the dispute, which must include all statements of position, replies, supplemental statements of position, and the Formal Decision.

56. **Resolution of Disputes with the State**

a. In the event that Settling Defendant(s) elect to invoke dispute resolution regarding State Future Response Costs, Settling Defendant(s) must utilize the procedure set forth below.

(1) Prior to when payment is due on any Ecology itemized statement of costs under ¶ 34.a, Settling Defendant(s) shall notify Ecology's Toxics Cleanup Program Manager in writing of any disputed amounts (Dispute Notice) including the nature of the dispute, Settling Defendants' position with regards to the dispute, and information relied upon to support their position.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

(2) Ecology's Toxics Cleanup Program Manager shall conduct a review of the dispute and shall issue a written decision regarding the dispute (Formal Decision) within 30 calendar days of receipt of the Dispute Notice. The Toxics Cleanup Program Manager's decision shall be Ecology's final decision on the disputed matter.

(3) The Formal Decision is binding on Settling Defendants unless they timely seek judicial review under this Decree. The Parties agree to only utilize the dispute resolution process in good faith and agree to expedite, to the extent possible, the dispute resolution process whenever it is used. Where either party utilizes the dispute resolution process in bad faith or for purposes of delay, the other party may seek sanctions. Implementation of these dispute resolution procedures shall not provide a basis for delay of any activities required in this Decree, unless Ecology/EPA agrees in writing to a schedule extension or the Court so orders.

57. **Judicial Review**

a. Settling Defendant(s) may obtain judicial review of a Formal Decision by filing, within 20 days after receiving it, a motion with the Court and serving the motion on all Parties. The motion must describe the matter in dispute and the relief requested. The parties to the dispute shall brief the matter in accordance with local court rules.

b. **Review on the Administrative Record**. Judicial review of disputes regarding the following issues must be on the administrative record: (i) the adequacy or appropriateness of deliverables required under the Decree; (ii) the adequacy of the performance of the Remedial Action; (iii) whether a Work Takeover is warranted under ¶ 14; (iv) determinations about financial assurance under



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

Section VII; (v) whether a reopener condition under ¶ 71 is satisfied, including whether the Remedial Action is not protective of human health and the environment; (vi) EPA's selection of modified or further response actions; (vii) any other items requiring EPA approval under the Decree; and (viii) any other disputes that the Court determines should be reviewed on the administrative record. For all of these disputes, Settling Defendant(s) bear the burden of demonstrating that the Formal Decision was arbitrary and capricious or otherwise not in accordance with law.

c. Judicial review of any dispute not governed by ¶ 57.b shall be governed by applicable principles of law.

58. **Escrow Account**. For disputes regarding a United States or State Future Response Cost billing, Settling Work Defendants shall: (a) establish, in a duly chartered bank or trust company, an interest-bearing escrow account that is insured by the Federal Deposit Insurance Corporation ("FDIC"); (b) remit to that escrow account funds equal to the amount of the contested United States or State Future Response Costs; and (c) send to EPA or the State, in accordance with ¶ 92, copies of the correspondence and of the payment documentation (e.g., the check) that established and funded the escrow account, including the name of the bank, the bank account number, and a bank statement showing the initial balance in the account. EPA or the State may, in their unreviewable discretion, waive the requirement to establish the escrow account. Settling Work Defendants shall cause the escrow agent to pay the amounts due to EPA or the State under ¶¶ 34 or 35, if any, by the deadline for such payment in ¶¶ 34 or 35. Settling Work Defendants are responsible for any balance due under ¶¶ 34 or 35 after the payment by the escrow agent.

59. The initiation of dispute resolution procedures under this Section does not extend, postpone, or affect in any way any requirement of this Decree, except as EPA agrees, or as



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

determined by the Court. Stipulated penalties with respect to the disputed matter will continue to accrue, but payment is stayed pending resolution of the dispute, as provided in ¶ 62.

## XIII. STIPULATED PENALTIES

60. Unless the noncompliance is excused under Section XI (Force Majeure), Settling Defendants are liable to the United States and the State for the following stipulated penalties:

a. Settling Cash-Out Defendants and Settling Funding Defendant. Each Settling Cash-Out Defendant and Settling Funding Defendant is liable for its failure: (i) to pay any amount due under Section IX; (ii) to timely submit Use Restriction Agreements to EPA for approval for its property; (iii) to timely file EPA-approved Use Restriction Agreements for its property with the King County Recorder's Office; or (iv) to satisfy any obligation pursuant to Section VI (Property Requirements).

| Period of Noncompliance | Penalty Per Noncompliance Per Day |
|---|---|
| 1st through 14th day | $3,000 |
| 15th through 30th day | $6,000 |
| 31st day and beyond | $12,000 |

b. Settling Work Defendants. Settling Work Defendants are liable for:

(1) any failure: (i) to pay any amount due under Section IX; (ii) to establish and maintain financial assurance in accordance with Section VII; (iii) to submit timely or adequate deliverables under Section 10 of the SOW; (iv) to timely submit Use Restriction Agreements for Affected Property owned by a Settling Work Defendant or not owned by another Owner Settling Party to EPA for approval (v) to timely file EPA-approved Use Restriction Agreements for Affected Property owned by a Settling Work Defendant or not owned by another Owner Settling Party with the King



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

County Recorder's Office; (vi) to timely initiate remedial action construction; (vii) to implement any and all components of remedial action as approved in remedial design and/or remedial action work plans; (viii) to timely complete remedial action construction; (ix) to timely and adequately perform any actions required by ¶¶ 6.8, 6.9, 6.10, or 6.11 of the SOW; and (x) to timely and adequately perform any action required by ¶ 11 of this Consent Decree:

| Period of Noncompliance | Penalty Per Noncompliance Per Day |
|---|---|
| 1st through 20th day | $3,000 |
| 21st through 40th day | $6,000 |
| 41st day and beyond | $12,000 |

(2) any failure to submit timely or adequate deliverables required by this Decree other than those specified in ¶ 60.b(1):

| Period of Noncompliance | Penalty Per Noncompliance Per Day |
|---|---|
| 1st through 20th day | $1,500 |
| 21st through 40th day | $2,750 |
| 41st day and beyond | $5,500 |

c. The United States may seek stipulated penalties under this Section by sending a written demand to Settling Defendants, with a copy to the State, or by sending a joint written demand to the Settling Defendants on behalf of the United States and the State. Where the United States and the State jointly seek stipulated penalties for the same violation of this Decree, the Settling Defendants shall pay 50 percent to the United States and 50 percent to the State.

61. **Work Takeover Penalty**. If EPA commences a Work Takeover, Settling Work Defendants are liable for a stipulated penalty in an amount equal to the present value of the Work to be taken over, as determined by EPA in its unreviewable discretion. This stipulated penalty is



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

in addition to the remedy available to EPA under ¶ 28 (Access to Financial Assurance) to fund the performance of the Work by EPA.

62. **Accrual of Penalties**. Stipulated penalties accrue from the date performance is due, or the day a noncompliance occurs, whichever is applicable, until the date the requirement is completed or the final day of the correction of the noncompliance. Nothing in this Decree prevents the simultaneous accrual of separate penalties for separate occurrences of noncompliance with this Decree. Stipulated penalties accrue regardless of whether Settling Defendants have been notified of their noncompliance, and regardless of whether Settling Defendants have initiated dispute resolution under Section XII, provided, however, that no penalties will accrue as follows:

a. with respect to a submission that EPA subsequently determines is deficient under ¶ 10.5 of the SOW, during the period, if any, beginning on the 31st day after EPA's receipt of such submission until the date that EPA notifies Settling Defendants of any deficiency;

b. with respect to a matter that is the subject of dispute resolution under Section XII, during the period, if any, beginning on the 21st day after the later of the date that EPA's Statement of Position is received or the date that Settling Defendants' reply thereto (if any) is received until the date of the Formal Decision under ¶ 55.b; or

c. with respect to a matter that is the subject of judicial review by the Court under ¶ 57, during the period, if any, beginning on the 31st day after the Court's receipt of the final submission regarding the dispute until the date that the Court issues a final decision regarding such dispute.

63. **Demand and Payment of Stipulated Penalties**. EPA may send a Settling Defendant or the Settling Work Defendants, collectively, a demand for stipulated penalties. The



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

demand will include a description of the noncompliance by the Settling Defendant(s) and will specify the amount of the stipulated penalties owed. Settling Defendants may initiate dispute resolution under Section XII within 45 days after receipt of the demand. Settling Defendants shall pay the amount demanded or, if they initiate dispute resolution, the uncontested portion of the amount demanded, within 45 days after receipt of the demand. Settling Defendants shall pay the contested portion of the penalties determined to be owed, if any, within 45 days after the resolution of the dispute. Each payment for: (a) the uncontested penalty demand or uncontested portion, if late; and (b) the contested portion of the penalty demand determined to be owed, if any, must include an additional amount for Interest accrued from the date of receipt of the demand through the date of payment. Settling Defendants shall make payment at https://www.pay.gov using the link for "EPA Miscellaneous Payments Cincinnati Finance Center," including references to the Site/Spill ID and DJ numbers listed in ¶ 92, and the purpose of the payment. Settling Defendants shall send a notice of this payment to DOJ and EPA, in accordance with ¶ 92. The payment of stipulated penalties and Interest, if any, does not alter any obligations by Settling Defendants under the Decree. Payments should reference the court case and/or docket number.

64. Nothing in this Decree limits the authority of the United States: (a) to seek any remedy otherwise provided by law for Settling Defendants' failure to pay stipulated penalties or interest; or (b) to seek any other remedies or sanctions available by virtue of Settling Defendants' noncompliance with this Decree or of the statutes and regulations upon which it is based, including penalties under section 122(l) of CERCLA, provided, however, that the United States may not seek civil penalties under section 122(l) of CERCLA for any noncompliance for which a stipulated penalty is provided for in this Decree, except in the case of a willful noncompliance with this Decree.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

65. Notwithstanding any other provision of this Section, the United States may, in its unreviewable discretion, waive any portion of stipulated penalties that have accrued under this Decree.

## XIV. COVENANTS BY PLAINTIFFS

66. **Covenants for Settling Defendants by the United States**. Subject to ¶¶ 71 and 73, the United States covenants not to sue or to take administrative action against Settling Defendants under sections 106 and 107(a) of CERCLA regarding the Site.

67. **Covenants for Settling Defendants by the State.** Subject to ¶¶ 72 and 73, the State covenants not to sue Settling Defendants under CERCLA sections 107(a) or 310 and covenants not to sue or take administrative action against Settling Defendants under RCW 70A.305.040 of MTCA regarding the Site.

68. **Covenants for Settling Federal Agencies by EPA**. Subject to ¶¶ 71 and 73, EPA covenants not to take administrative action against Settling Federal Agencies under sections 106 and 107(a) of CERCLA regarding the Site.

69. **Covenants for Settling Federal Agencies by the State**. Subject to ¶¶ 72 and 73, the State covenants not to sue Settling Federal Agencies under CERCLA sections 107(a) or 310 and covenants not to sue or take administrative action against Settling Federal Agencies under RCW 70A.305.040 of MTCA regarding the Site.

70. The covenants for Settling Work Defendants and Settling Funding Defendant under ¶¶ 66 and 67: (a) take effect upon the Effective Date, except with respect to future liability, for which these covenants take effect upon Certification of Remedial Action Completion by EPA under ¶ 7.9 of the SOW; (b) are conditioned on the satisfactory performance by Settling Work and Settling Funding Defendants of their obligations under this Decree; (c) extend to the successors of each Settling Work and Settling Funding Defendant but only to the extent that the alleged liability of the successor of the Settling Work and Settling Funding Defendant is based



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

solely on its status as a successor of the Settling Work or Settling Funding Defendant; and (d) do not extend to any other person. The covenants for each Settling Cash-Out Defendant under ¶¶ 66 and 67 (a) take effect upon the Effective Date; (b) are conditioned on the satisfactory performance by the Settling Cash-Out Defendant of their obligations under this Decree; (c) extend to the successors of the Settling Cash-Out Defendant but only to the extent that the alleged liability of the successor of the Settling Cash-Out Defendant is based solely on its status as a successor of the Settling Cash-Out Defendant; and (d) do not extend to any other person. The covenants for Settling Federal Agencies under ¶¶ 68 and 69: (a) take effect upon the Effective Date except with respect to future liability, for which these covenants take effect upon Certification of Remedial Action Completion by EPA under ¶7.9 of the SOW; (b) are conditioned on the satisfactory performance by Settling Federal Agencies of their obligations in this Decree; and (c) do not extend to any other person.

71. **United States' Pre- and Post-certification Reservations.**

a. Notwithstanding any other provision of this Decree, the United States reserves, and this Decree is without prejudice to, the right to issue an administrative order or to institute proceedings in this action or in a new action seeking to compel Settling Work Defendants and Settling Funding Defendant, and EPA reserves the right to issue an administrative order seeking to compel Settling Federal Agencies, to perform further response actions relating to the Site, to pay the United States for additional costs of response, or any combination thereof. The United States may exercise this reservation only if, at any time, conditions at the Site previously unknown to EPA are discovered, or information previously unknown to EPA is received, and EPA determines, in consultation with the State, based in whole or in part on these previously unknown conditions or information, that the Remedial Action is not protective of human health or the environment.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

b. Before certification of Remedial Action Completion, the information and the conditions known to EPA include only that information and those conditions known to EPA as of the date the November 21, 2014 Record of Decision was signed and set forth in the November 21, 2014 Record of Decision for the Site and the administrative record supporting the Record of Decision; except with respect to cPAH contamination, in which case the information and conditions known to EPA also include that known regarding cPAHs as of the date of the Explanation of Significant Differences signed on September 30, 2021 and set forth in the administrative record supporting the Explanation of Significant Differences.

c. After certification of Remedial Action Completion, the information and the conditions known to EPA include only that information and those conditions known to EPA as of the date of Certification of Remedial Action Completion and set forth in the November 21, 2014 Record of Decision, the administrative record supporting the November 21, 2014 Record of Decision, the post-Record of Decision administrative record, or in any information received by EPA in accordance with the requirements of this Decree prior to Certification of Remedial Action Completion.

d. Any modification, after the Effective Date, of a cleanup level identified in Tables 19 and 20 of the ROD, or to a remedial action level identified in Tables 27 and 28 of the ROD, or the addition of cleanup levels or remedial action levels not included in these Tables may only be the basis for further remedial action if the modification or addition is in a ROD amendment or explanation of significant differences.

72. **State Pre- and Post-certification Reservations.** The State reserves any right it may have under State law to issue an administrative order or to institute proceedings in this



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

action or in a new action seeking to compel Settling Work Defendants, Settling Funding Defendant, and Settling Federal Agencies to perform further response actions relating to the Site, to pay the State for additional costs of response, or any combination thereof, if factors not known to the State at the time this Decree is entered are discovered and present a previously unknown threat to human health or the environment. Subject to ¶ 81, Settling Work Defendants, Settling Funding Defendant, and Settling Federal Agencies do not waive any defenses to such orders or proceedings. Before certification of Remedial Action Completion, the information and the conditions known to the State include only that information and those conditions known as of the time of entry of this Decree. Such information includes, but is not limited to, the administrative record supporting the ROD, information related to Ecology's source control activities and orders addressing source control or remediation of upland areas related to the Site; and information and conditions known regarding cPAHs as of the date of the Explanation of Significant Differences signed on September 30, 2021. After certification of Remedial Action Completion, the information and the conditions known to the State include the information listed above and the post-ROD administrative record, or as contained in state records as of the date of the Certification of Remedial Action Completion including as related to Ecology's source control activities and orders addressing source control or remediation of upland areas related to the Site, or in any information received by the State in accordance with the requirements of this Decree prior to Certification of Remedial Action Completion.

73. **General Reservations**. Notwithstanding any other provision of this Decree, the United States and the State reserve, and this Decree is without prejudice to, all rights against Settling Defendants, and EPA, the federal natural resource trustees, and the State reserve, and this Decree is without prejudice to, all rights against Settling Federal Agencies, regarding the following, as each reservation applies to each Settling Defendant and each Settling Federal Agency:



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

a. liability for failure by Settling Defendants or Settling Federal Agencies to meet a requirement of this Decree;

b. liability arising from the past, present, or future disposal, release, or threat of release of Waste Material that is or comes to be located, and remains, outside of the Site;

c. liability based on any Settling Defendant's or Settling Federal Agency's ownership of any facility at the Site when such ownership commences after that Defendant's signature of this Decree;

d. liability based on any Settling Defendant's or Settling Federal Agency's operation of any facility at the Site when such operation commences after that Settling Defendant's or Settling Federal Agency's signature of this Decree and does not arise solely from a Settling Work Defendant's performance of the Work;

e. liability based on any Settling Defendant's or Settling Federal Agency's transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of Waste Material at or in connection with the Site, after signature of this Decree by Settling Defendants or on behalf of Settling Federal Agencies, other than as provided in the Record of Decision, under this Decree, or ordered by EPA or the State;

f. only as to Settling Work Defendants, Settling Funding Defendant, and Settling Federal Agencies, liability, prior to achievement of Performance Standards, for additional response actions that EPA determines are necessary to achieve and maintain Performance Standards or to carry out and maintain the effectiveness of the Remedial Action, but that are not covered by ¶ 11.b;



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

g. only as to Settling Defendant Earle M. Jorgensen Company, liability for removal action under the Earle M. Jorgensen ASAOC for Implementation of a Removal Action and any other CERCLA administrative order issued by EPA to Earle M. Jorgensen Company or entered by EPA and Earle M. Jorgensen Company to implement removal action approved by EPA for the portion of the Site within the Jorgensen Forge Early Action Area;

h. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments; and

i. criminal liability.

74. Subject to ¶¶ 66, 67, 68, and 69, nothing in this Decree limits any authority of Plaintiffs to take, direct, or order all appropriate action to protect human health and the environment or to prevent, abate, respond to, or minimize an actual or threatened release of Waste Material on, at, or from the Site, or to request a Court to order such action.

## XV. COVENANTS BY SETTLING DEFENDANTS AND SETTLING FEDERAL AGENCIES

75. **Covenants by Settling Defendants**

a. Subject to ¶ 76, Settling Defendants covenant not to sue and shall not assert any claim or cause of action against the United States, or the State, under CERCLA, section 7002(a) of RCRA, the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, MTCA, the State Constitution, State law, or at common law regarding the Site.

b. Subject to ¶ 76, Settling Defendants covenant not to seek reimbursement from the Fund through CERCLA or reimbursement from the United States under any other law for costs regarding the Site.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

c. Subject to ¶ 76, Settling Defendants covenant not to seek to recover any costs accrued in implementing the remedial action required by this Decree from the State of Washington; and further, that Settling Defendants will make no claim against any MTCA account for any costs incurred in implementing this Decree. This section does not limit or address funding that may be provided under WAC 173-322A.

76. **Settling Defendants' Reservations**

a. Notwithstanding any other provision of this Decree, Settling Defendants reserve all rights against Settling Federal Agencies for liability arising from the past, present, or future disposal, release, or threat of release of Waste Material that is or comes to be located, and remains, outside of the Site.

b. The covenants in ¶ 75 do not apply to any claim or cause of action brought, or order issued, after the Effective Date by the United States or the State to the extent such claim, cause of action, or order is within the scope of a reservation under ¶¶ 71, 72, or 73.a through 73.f or 73.h.

c. ***De Minimis*/Ability to Pay Waiver**. Settling Defendants shall not assert any claims and waive all claims or causes of action (including claims or causes of action under sections 107(a) and 113 of CERCLA) that they may have against any third party who enters or has entered into a *de minimis* or "ability-to-pay" settlement with EPA to the extent Settling Defendants' claims and causes of action are within the scope of the matters addressed in the third party's settlement with EPA, provided, however, that this waiver does not apply if the third party asserts a claim or cause of action regarding the Site against the Settling Defendants. Nothing in the Decree limits Settling Defendants' rights under section 122(d)(2) of



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

CERCLA to comment on any *de minimis* or ability-to-pay settlement proposed by EPA.

d. Notwithstanding any provision in this Consent Decree, Settling Defendant King County reserves its right to continue participating in the Monsanto PCB class action settlement process, *City of Long Beach, et al. v. Monsanto Company, et al.*, U.S. District Court Central District of California, Western Division Case No. 2:16-cv-03493-FMO-A, if still pending, to settle submitted claims. Nothing in this Decree shall be construed to affect the rights of any other party participating in the Monsanto PCB Class Action Settlement process.

77. **Covenant by Settling Federal Agencies**. Settling Federal Agencies shall not seek reimbursement from the Fund through CERCLA or any other law for costs regarding the Site. This covenant does not preclude demand for reimbursement from the Fund of costs incurred by a Settling Federal Agency in the performance of its duties (other than in accordance with this Decree) as lead or support agency under the NCP, or pursuant to an interagency agreement to provide services to EPA to carry out any of its responsibilities under CERCLA.

## XVI. EFFECT OF SETTLEMENT; CONTRIBUTION

78. The Parties agree and the Court finds that: (a) the Complaint filed by the United States and the State in this action is a civil action within the meaning of section 113(f)(1) of CERCLA and RCW 70A.305.040; (b) this Decree constitutes a judicially approved settlement under which each Settling Defendant and each Settling Federal Agency has, as of the Effective Date, resolved its liability to the United States within the meaning of sections 113(f)(2) and 113(f)(3)(B) of CERCLA and the State within the meaning of RCW 70A.305.040; and (c) each Settling Defendant and each Settling Federal Agency is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by section 113(f)(2) of CERCLA, and by RCW 70A.305.040(4)(d), or as may be otherwise provided by law, for the "Matters


U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

Addressed" in this Decree. The "Matters Addressed" in this Decree are all response actions taken before the Effective Date or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person (including but not limited to for the Work, Settling Work Defendants' Past Response Costs, Settling Work Defendants' Future Response Costs, United States Past Response Costs, United States Future Response Costs, State Past Response Costs, and State Future Response Costs), provided, however, that: (a) if the United States or the State exercises their rights against Settling Defendants (or if EPA or the State assert rights against Settling Federal Agencies) (i) under the reservations in ¶¶ 73.b through 73.f, then the "Matters Addressed" in this Decree will not include those response costs or response actions that are within the scope of the exercised reservation, or (ii) under the reservations in ¶¶ 73.a or 73.g, then, with respect only to the Settling Defendant(s) against whom the United States or the State have exercised their rights, the "Matters Addressed" in this Decree will not include those response costs or response actions that are within the scope of the exercised reservation; and (b) if the United States or the State exercises their rights against Settling Work Defendants or Settling Funding Defendant (or if EPA or the State assert rights against Settling Federal Agencies) under the reservations in ¶¶ 71 and 72, then the "Matters Addressed" in this Decree will not include, as to Settling Work Defendants, Settling Funding Defendant, and Settling Federal Agencies, those response costs or response actions that are within the scope of the exercised reservation, unless the exercise of the reservation in ¶ 71 results in implementation of response actions pursuant to ¶ 11.c and d and the incurrence or payment of the response costs by Settling Work Defendants, by Settling Funding Defendant for its 1.7406% share of such costs (as stated in Appendix D), or by Settling Federal Agencies for their share of such costs (as subsequently agreed upon by Settling Federal Agencies and Settling Work Defendants), in which case the response actions and response costs become "Matters Addressed" under this Decree for the part(ies) which have incurred or paid such response costs (and



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

provided, however, that, as to the exercise of the reservation in ¶ 71, nothing in this Paragraph shall be construed to prevent Settling Federal Agencies from filing a claim in contribution under CERCLA Section 113(f) against a party that files a CERCLA Section 107(a) claim in order to necessitate the equitable allocation of response costs for the exercised reservation).

79. Nothing in this Consent Decree shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Decree. Each of the Parties expressly reserves any and all rights (including, but not limited to, pursuant to Sections 107 or 113 of CERCLA or Sections 7002 and 7003 of RCRA and common law), defenses, claims, demands, and causes of action that each Party may have with respect to any matter, transaction, or occurrence relating in any way to the Site against any person not a Party hereto.

80. Each Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Decree, notify DOJ and EPA and the State no later than 60 days prior to the initiation of such suit or claim. Settling Defendant shall, with respect to any suit or claim brought against it for matters related to this Decree, notify DOJ and EPA within 10 days after service of the complaint on such Settling Defendant. In addition, each Settling Defendant shall notify DOJ and EPA within 10 days after service or receipt of any Motion for Summary Judgment and within 10 days after receipt of any order from a court setting a case for trial.

81. **Res Judicata and Other Defenses**. In any subsequent administrative or judicial proceeding initiated against any Settling Defendant by either Plaintiff for injunctive relief, recovery of response costs, or other appropriate relief relating to the Site, Settling Defendants, and, with respect to a State proceeding initiated against a Settling Federal Agency, Settling Federal Agencies, shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, claim preclusion (res judicata), issue preclusion (collateral estoppel), claim-splitting, or other defenses based upon any contention that the claims raised by the United States or the State in the subsequent proceeding were or should have been brought in the instant case.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

All other defenses (including, without limitation, defenses based on preemption or lack of authority or on the United States' sovereign immunity) are preserved in this action or any other proceeding.

82. Nothing in this Decree diminishes the right of the United States under section 113(f)(2) and (3) of CERCLA or the State under RCW 70A.305.040(4)(d) to pursue any person not a party to this Decree to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to section 113(f)(2) and/or by RCW 70A.305.040(4)(d).

## XVII. RECORDS

83. **Settling Defendant Certification**. Each Settling Defendant certifies individually that: (a) it has implemented a litigation hold on documents and electronically stored information relating to the Site, including information relating to its potential liability under CERCLA regarding the Site, since the earlier of notification of potential liability by the United States or the State or the filing of suit against it regarding the Site; and (b) it has fully complied with any and all EPA and State requests for information under sections 104(e) and 122(e) of CERCLA, section 3007 of RCRA, and State law.

84. **Settling Federal Agency Acknowledgment**. The United States acknowledges that each Settling Federal Agency: (a) is subject to all applicable federal record retention laws, regulations, and policies; and (b) has certified that it has fully complied with any and all EPA and State requests for information regarding the Site under sections 104(e) and 122(e)(3)(B) of CERCLA, section 3007 of RCRA, and state law.

85. **Retention of Records and Information**

a. Each Settling Defendant shall retain, and instruct their contractors and agents to retain, non-identical copies of the following documents and



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

electronically stored data ("Records") until 10 years after the Certification of Work Completion under ¶ 7.10 of the SOW (the "Record Retention Period"):

(1) All records regarding or related to each Settling Defendant's liability under CERCLA regarding the Site;

(2) All reports, plans, permits, and documents submitted to EPA in accordance with this Decree, including all underlying research and data; and

(3) All data developed by, or on behalf of, Settling Work Defendants in the course of performing the Remedial Action.

b. Settling Work Defendants shall retain all Records regarding the liability of any person under CERCLA regarding the Site during the Record Retention Period that were obtained, provided, or exchanged in connection with the allocation process for the Site.

c. At the end of the Record Retention Period, each Settling Defendant shall notify EPA that it has 90 days to request the Settling Defendant's Records subject to this Section. Each Settling Defendant shall retain and preserve its Records subject to this Section until 90 days after EPA's receipt of the notice. These record retention requirements apply regardless of any corporate record retention policy.

86. Each Settling Defendant shall provide to EPA, upon request, copies of all Records required to be retained under this Section. Each Settling Defendant shall also make reasonably available to Plaintiffs, for purposes of investigation, information gathering, or testimony, their employees, agents, or representatives with knowledge of relevant facts concerning the performance of the Work.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

87. **Public Records Documenting Waste Materials.** Settling Work Defendants shall maintain and make publicly available records documenting areas where Waste Materials are located vertically and horizontally within the Site, including maps or other representations of the data.

88. **Privileged and Protected Claims**

a. A Settling Defendant may assert that all or part of a record requested by Plaintiffs is privileged or protected as provided under federal law and under the Washington Uniform Mediation Act, RCW 7.07, in lieu of providing the record, provided that the Settling Defendant complies with ¶ 88.b, and except as provided in ¶ 88.c.

b. If a Settling Defendant asserts a claim of privilege or protection, the Settling Defendant shall provide that Plaintiff with the following information regarding such record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, of each addressee, and of each recipient; a description of the record's contents; and the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a record, the Settling Defendant shall provide the record to the Plaintiff in redacted form to mask the privileged or protected portion only. Each Settling Defendant shall retain all records that it claims to be privileged or protected until the Plaintiff has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in the Settling Defendant's favor.

c. No Settling Defendant shall make any claim of privilege or protection regarding: (1) any data regarding the Site, including all sampling, analytical, monitoring, hydrogeologic, scientific, chemical, radiological or engineering data, or the portion of any other record that evidences conditions at or



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

around the Site; or (2) the portion of any record that a Settling Defendant is required to create or generate in accordance with this Decree.

89. **Confidential Business Information (CBI) Claims**. A Settling Defendant may claim that all or part of a record provided to a Plaintiff under this Decree is CBI to the extent permitted by and in accordance with section 104(e)(7) of CERCLA and 40 C.F.R. § 2.203(b). Settling Defendant shall segregate and shall clearly identify all records or parts thereof submitted under this Decree for which it claims is CBI by labeling each page or each electronic file "claimed as confidential business information" or "claimed as CBI." Records that a Settling Defendant claims to be CBI will be afforded the protection specified in 40 C.F.R. Part 2, Subpart B. If no CBI claim accompanies records when they are submitted to a Plaintiff, or if EPA notifies the Settling Defendant that the records are not entitled to confidential treatment under the standards of section 104(e)(7) of CERCLA or 40 C.F.R. Part 2, Subpart B, the public may be given access to such records without further notice to the Settling Defendant.

90. In any proceeding under this Decree, validated sampling or monitoring data generated in accordance with the SOW and reviewed and approved by EPA, if relevant to the proceeding, is admissible as evidence, without objection.

91. Notwithstanding any provision of this Decree, Plaintiffs retain all of their information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

## XVIII. NOTICES AND SUBMISSIONS

92. All agreements, approvals, consents, deliverables, modifications, notices, notifications, objections, proposals, reports, waivers, and requests specified in this Decree must be in writing unless otherwise specified. Whenever a notice is required to be given or a report or other document is required to be sent by one Party to another under this Decree, it must be sent as specified below. All notices under this Section are effective upon receipt, unless otherwise

specified. In the case of emailed notices, there is a rebuttable presumption that such notices are received on the same day that they are sent. Any Party may change the method, person, or address applicable to it by providing notice of such change to all Parties.

| | |
|---|---|
| As to DOJ on behalf of EPA: | eescdcopy.enrd@usdoj.gov<br>Re: DJ # 90-11-3-07227<br><br>and<br><br>erika.wells@usdoj.gov |
| As to DOJ on behalf of Settling Federal Agencies: | MailProcessing_EDS.ENRD@usdoj.gov<br>Re: DJ # 90-11-6-19857<br><br>and<br><br>laura.glickman@usdoj.gov |
| As to EPA: | EPA Project Coordinator<br>hale.elly@epa.gov<br><br>EPA Project Coordinator<br>erdelyi.nasrin@epa.gov<br><br>EPA Regional Counsel<br>vidargas.nick@epa.gov<br><br>Re: Site/Spill ID #s 10NQ and 10XN |

| | |
|---|---|
| As to the Regional Financial Management Officer: | johnson.edward@epa.gov<br>Re: Site/Spill ID # 10NQ and 10XN |
| As to the State: | Ecology Project Coordinator<br>brec461@ecy.wa.gov<br><br>Ecology Assistant Attorney General<br>derek.threet@atg.wa.gov<br><br>Ecology Senior Counsel<br>ivy.anderson@atg.wa.gov |
| As to Settling Work Defendants: | Ann Fitzpatrick, Principal Project Coordinator<br>afitzpatrick@geosyntec.com<br><br>David Schuchardt<br>Dave.Schuchardt@seattle.gov<br><br>Allison Crowley<br>Allison.Crowley@seattle.gov<br><br>Jason Hamilton<br>Jason.Hamilton@seattle.gov<br><br>Laura Wishik<br>laura.wishik@seattle.gov<br><br>Jeff Stern<br>jeff.stern@kingcounty.gov<br><br>Debra Williston<br>debra.williston@kingcounty.gov<br><br>Kristie Elliott<br>kristie.elliott@kingcounty.gov<br><br>Marc Luesebrink<br>Marc.d.luesebrink@boeing.com<br><br>Joe Flaherty<br>Joseph.L.Flaherty@boeing.com |
| As to Settling Cash-out Defendants: | Tisha Pagalilauan<br>tpagalilauan@cascadialaw.com |



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

As to Settling Funding Defendant: Vann Ellerbruch, Esq.
vann.ellerbruch@lumen.com

## XIX. APPENDICES

93. The following appendices are attached to and incorporated into this Decree:

"Appendix A" is the Record of Decision.

"Appendix B" is the SOW.

"Appendix C" is the map of the Site.

"Appendix D" is the complete list of Settling Defendants and Owner Settling Parties (with the exception of the General Services Administration, which is an Owner Settling Party).

"Appendix E" is the RI/FS AOC and SOW as amended.

"Appendix F" is the list of entities and individuals referenced in ¶¶ 39.a and 39.c.

## XX. MODIFICATIONS TO DECREE

94. Except as provided in ¶ 11 of the Decree and ¶ 10.5 of the SOW (Approval of Deliverables), nonmaterial modifications to Sections I through XXIV and the Appendices must be in writing and are effective when signed (including electronically signed) by the Parties. Material modifications to Sections I through XXIV and the Appendices must be in writing, signed (including electronically signed) by the Parties, and are effective upon approval by the Court. Notwithstanding the above, modifications that do not affect the rights or obligations of one or more of the Settling Cash-Out Defendants may be executed without the signature(s) of such Settling Cash-Out Defendant(s). As to changes to the remedy, a modification to the Decree, including the SOW, to implement an amendment to the Record of Decision that "fundamentally alters the basic features" of the Remedial Action within the meaning of 40 C.F.R. § 300.435(c)(2)(ii) will be considered a material modification.

## XXI. SIGNATORIES

95. The undersigned representative of the United States and each undersigned representative of a Settling Defendant certifies that he or she is fully authorized to enter into the terms and conditions of this Decree and to execute and legally bind such Party to this document.

## XXII. PRE-ENTRY PROVISIONS

96. If for any reason the Court should decline to approve this Decree in the form presented, this agreement, except for ¶ 97 and ¶ 98, is voidable at the sole discretion of any Party and its terms may not be used as evidence in any litigation between the Parties.

97. This Decree will be lodged with the Court for at least 30 days for public notice and comment in accordance with section 122(d)(2) of CERCLA and 28 C.F.R. § 50.7. The United States may withdraw or withhold its consent if the comments regarding the Decree disclose facts or considerations that indicate that the Decree is inappropriate, improper, or inadequate.

98. Settling Defendants agree not to oppose or appeal the entry of this Decree.

## XXIII. INTEGRATION

99. This Decree constitutes the entire agreement among the Parties regarding the subject matter of the Decree and supersedes all prior representations, agreements, and understandings, whether oral or written, regarding the subject matter of the Decree. Notwithstanding this Paragraph or any other provision of this Decree, this Decree does not supersede the Earle M. Jorgensen ASAOC for Implementation of a Removal Action.

## XXIV. FINAL JUDGMENT

100. Upon entry of this Decree by the Court, this Decree constitutes a final judgment under Fed. R. Civ. P. 54 and 58 among the Parties.



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

SO **ORDERED** this ___ day of ___________ 20__.

_________________________________

United States District Judge



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

**Signature Page for Consent Decree in *U.S. v. The Boeing Company, et al.* (W.D. Wash.)**

**FOR THE UNITED STATES:**

Justin D. Heminger
Acting Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

2/9/2026
Dated

/s Erika M. Wells
ERIKA M. WELLS
(OR Bar # 055004)
Senior Counsel
United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
7600 Sand Point Way, NE
c/o NOAA/DARC
Seattle, WA 98115
(202) 532-3258
erika.wells@usdoj.gov

2/9/2026
Dated

/s Laura Glickman
LAURA GLICKMAN
Trial Attorney
United States Department of Justice
Environmental and Natural Resources Division
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
(202) 514-6390
laura.glickman@usdoj.gov

Charles Neil Floyd
United States Attorney
Western District of Washington

BRIAN C. KIPNIS
Assistant United States Attorney
Office of the United States Attorney
Western District of Washington
700 Stewart Street, Suite 5220
Seattle, WA 98101-1271
(206) 553-4426
brian.kipnis@usdoj.gov

**Signature Page for Consent Decree in *U.S. v. The Boeing Company, et al.* (W.D. Wash.)**

**FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:**

______________________________
Beverly Li
Regional Counsel
U.S. Environmental Protection Agency
Region 10

______________________________
Calvin Terada
Director
Superfund & Emergency Management Division
U.S. Environmental Protection Agency
Region 10

NICHOLAS VIDARGAS — Digitally signed by NICHOLAS VIDARGAS Date: 2026.01.21 07:43:59 -08'00'
______________________________
Nick Vidargas
Assistant Regional Counsel
U.S. Environmental Protection Agency
Region 10
1200 Sixth Avenue
Suite 155, M/S 11-C07
Seattle, WA 98104



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

**Signature Page for Consent Decree in *U.S. v. The Boeing Company, et al.* (W.D. Wash.)**

**FOR THE STATE OF WASHINGTON**

Digitally signed by Casey D. Sixkiller
Date: 2025.05.07 15:39:52 -07'00'

Casey Sixkiller, Director of Ecology

Andrew A. Fitz, Senior Assistant Attorney General

Ivy Anderson, Senior Counsel

Derek Threet, Assistant Attorney General



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: THE BOEING COMPANY**

3/18/25
Dated

Steven E. Rusak

Name: Steven E. Rusak
Title: Chief Counsel - Global Enterprise
Sustainability, EHS and Enterprise Services
Address: Office of the General Counsel
The Boeing Company
P.O. Box 3707 MC 11-509
Seattle, WA 98124

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Corporation Service Company
Title: Registered Agent for Service of Process for
Company: The Boeing Company
Address: 300 Deschutes Way SW, Suite 208
Tumwater, WA 98501
Phone: 800-927-9800
Email: SOP@cscglobal.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: THE CITY OF SEATTLE**

April 18, 2025
Dated

Name: Bruce Harrell
Title: Mayor
Address: P.O. Box 94749
Seattle, WA 98124-4749

April 22, 2025
Dated

Name: Ann Davison
Title: City Attorney
Address: 701 5th Ave., Suite 2050
Seattle, WA 98104

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Laura Wishik
Title: Assistant City Attorney
Company: Seattle City Attorney's Office
Address: 701 5th Ave., Suite 2050
Seattle, WA 98104-7095
Phone: 206-684-8199
Email: Laura.Wishik@Seattle.gov

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: KING COUNTY**

4-30-25
Dated

Name: Shannon Braddock
Title: King County Executive
Address: King County Chinook Building
401 5th Ave. Suite 800
Seattle, WA 98104

LEESA MANION
King County Prosecuting Attorney

4-30-2025
Dated

By: Kimberly Frederick
Name: Kimberly Frederick, WSBA #37857
Title: Chief Deputy, Civil Division
Address: 701 Fifth Avenue, Suite 600
Seattle, WA 98104

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, e-mail and e-service; and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and email to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Kristie C. Elliott
Title: Senior Deputy Prosecuting Attorney
Company: King County Prosecuting Attorney's Office
Address: Columbia Center, Suite 600
701 Fifth Avenue, Seattle, WA 98104
Phone: 206-477-6758
Email: Kristie.Elliott@kingcounty.gov

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: DUWAMISH SHIPYARD, INC.**

12/20/24
Dated

Name: Kyle McCleary
Title: Secretary/Treasurer
Address: 22014 7th Avenue South, Suite 204
Des Moines, WA 98198

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Kim Maree Johannessen
Title: President
Company: Johannessen & Associates, P.S.
Address: 5413 Meridian Avenue North, Suite B
Seattle, WA 98103
Phone: (206) 632-2000
Email: kmj@johanassocs.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: PHARMACIA LLC**

January 7, 2025
Dated

[signature] Molly M. Jones

Name: ~~Drew Reavis~~ Molly M. Jones
Title: ~~Head of North America Environmental and Sustainability~~ Sr. Assistant General Counsel
Bayer U.S. LLC
Address: 800 North Lindbergh Blvd
St. Louis, MO 63167

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Connie Sue Martin
Title: Attorney
Company: Schwabe Williamson & Wyatt
Address: 1420 5th Ave.. Suite 3400
Seattle, WA 98101
Phone: 206-407-1556
Email: csmartin@schwabe.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: CONTINENTAL HOLDINGS INC.**

12-20-2024

Dated

Name: MARCY HERONIMUS
Title: ASSISTANT SECRETARY
Address: 931 14TH STREET, 9TH FLOOR
DENVER, CO 80202

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

.

Company: CT Corporation System
Address: 2232 Dell Range Blvd., Ste. 200
Cheyenne, WY 82009



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: PACCAR INC**

Jan. 7, 2025
Dated

Name: Michael K. Walton
Title: Vice President and General Counsel
Address: 777 106th Avenue Northeast
Bellevue, WA 98004

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Andy F. Rigel
Title: Attorney
Company: Hillis Clark Martin & Peterson P.S.
Address: 999 Third Avenue, Suite 4600
Seattle, WA 98104
Phone: (206) 470-7643
Email: andy.rigel@hcmp.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: SEATTLE BOILER WORKS, INC.**

1-7-25
Dated

Name: Craig Hopkins
Title: President/Manager
Address: 500 S. Myrtle Street
Seattle, WA 98108

**FOR: FRANK H. HOPKINS FAMILY L.L.C.**

1-7-25
Dated

Name: Craig Hopkins
Title: President/Manager
Address: 500 S. Myrtle Street
Seattle, WA 98108

**FOR: FREDRICK J. HOPKINS FAMILY L.L.C.**

1-7-25
Dated

Name: Jamieson Hopkins
Title: Manager
Address: 500 S. Myrtle Street
Seattle, WA 98108

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, these Settling Defendants agree to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **These Settling Defendants hereby designate the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** These Settling Defendants understand that they do not need to file an answer to the complaint until they have executed the waiver of service or otherwise have been served with the complaint.

Name: John J. Houlihan Jr./ John (JT) Cooke
Title: Outside Counsel to Seattle Boiler Works, Inc.
Company: Houlihan Law P.C.
Address: 100 N. 35th Street
Seattle, WA 98103

Phone: (206)547-5052
Email: john@houlihan-law.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: MANSON CONSTRUCTION CO.**

12/23/2024
Dated

Name: John A. Holmes
Title: President
Address: 5209 East Marginal Way South
Seattle, WA 98134

**FOR: MANSON INTERNATIONAL, INC.**

12/23/2024
Dated

Name: John A. Holmes
Title: President
Address: 5209 East Marginal Way South
Seattle, WA 98134

**FOR: 5055 PROPERTIES, LLC**

12/23/2024
Dated

Name: John A. Holmes
Title: Manager
Address: 5209 East Marginal Way South
Seattle, WA 98134

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, these Settling Defendants agree to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **These Settling Defendants hereby designate the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** These Settling Defendants understand that they do not need to file an answer to the complaint until they have executed the waiver of service or otherwise have been served with the complaint.

Name: Douglas Steding
Title: Managing Partner
Company: Northwest Resource Law PLLC
Address: 71 Columbia Street, Suite 325
Seattle, WA 98104
Phone: (206) 971-1567

Email: dsteding@nwresourcelaw.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: ALASKA MARINE LINES, INC.**

12/20/2024
Dated

Name: Everett H. Billingslea
Title: Secretary
Address: 18000 International Blvd.,
Suite 800
Seattle, WA 98188-4255

**FOR: KNIK CONSTRUCTION CO., INC.**

12/20/2024
Dated

Name: Everett H. Billingslea
Title: Secretary
Address: 18000 International Blvd.,
Suite 800
Seattle, WA 98188-4255

**FOR: 5600 W. MARGINAL WAY, SW, SEATTLE, LLC**

12/20/2024
Dated

Name: Everett H. Billingslea
Title: Manager
Address: 18000 International Blvd.,
Suite 800
Seattle, WA 98188-4255

**FOR: 5615 W. MARGINAL WAY SW, SEATTLE, LLC**

12/20/2024
Dated

Name: Everett H. Billingslea
Title: Manager
Address: 18000 International Blvd.,
Suite 800
Seattle, WA 98188-4255



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: LYNDEN TRANSPORT, INC.**

12/20/2024
Dated

Name: Paul A. Grimaldi
Title: President
Address: 18000 International Blvd., Suite 800
Seattle, WA 98188-4255

**FOR: LTI, INC.**

12/20/2024
Dated

Name: Eric Badger
Title: President
Address: 18000 International Blvd., Suite 800
Seattle, WA 98188-4255

**FOR: DOUGLAS MANAGEMENT CO.**

12/20/2024
Dated

Name: Everett H. Billingslea
Title: Secretary
Address: 18000 International Blvd., Suite 800
Seattle, WA 98188-4255

**FOR: SWAN BAY HOLDINGS, INC.**

12/20/2024
Dated

Name: Everett H. Billingslea
Title: Assistant Secretary
Address: 18000 International Blvd., Suite 800
Seattle, WA 98188-4255



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: BERING MARINE CORPORATION**

12/20/2024
Dated

Name: Everett H. Billingslea
Title: Secretary
Address: 18000 International Blvd., Suite 800, Seattle, WA 98188-4255

**FOR: 7100 1ST AVE. S, SEATTLE, LLC**

12/20/2024
Dated

Name: Everett H. Billingslea
Title: Manager
Address: 18000 International Blvd., Suite 800, Seattle, WA 98188-4255

**FOR: LYNDEN INCORPORATED**

12/20/2024
Dated

Name: Everett H. Billingslea
Title: Sr. Vice President and Secretary
Address: 18000 International Blvd., Suite 800, Seattle, WA 98188-4255

**FOR: LYNDEN MARINE LEASING, LLC, AND ITS SUBSIDIARIES:**

Alaska Provider, LLC;
Alaska Trader, LLC;
Aleutian Trader, LLC;
Anchorage Provider, LLC;
Anchorage Trader, LLC;
Arctic Bear, LLC;
Arctic Gull, LLC;
Arctic Provider, LLC;
Baranof Provider, LLC;
Bering Trader LLC;

Chatham Provider, LLC;
Chichagof Provider, LLC;
Cordova Provider, LLC;
Fairbanks Provider, LLC;
Greta, LLC;
Hawaii Trader, LLC;
Ivan, LLC;
Kamakani, LLC;
Kenai Trader, LLC;
Koyukuk, LLC;
Krystal Sea, LLC;
Kuskokwim Trader, LLC;
Marine Boneyard, LLC;
Naknek Trader LLC;
Nunaniq, LLC;
Pacific Trader, LLC;
Polar Cloud, LLC;
Polar Endurance, LLC;
Polar King, LLC;
Polar Trader, LLC;
Polar Viking, LLC;
Polar Wind, LLC;
Rampart, LLC;
Sam M. Taalak, LLC;
Skagway Provider, LLC;
Southeast Provider, LLC;
Spencer Brewer, LLC;
Stickeen, LLC;
Stikine Provider, LLC;
Taku Provider, LLC;
Togiak Trader, LLC;
Tongass Provider, LLC;
Westward Trader, LLC;
Whittier Provider, LLC; and
Yukon Trader, LLC.

12/20/2024
Dated

Name: Everett H. Billingslea
Title: Secretary and Manager
Address: 18000 International Blvd.,
Suite 800
Seattle, WA 98188-4255

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: NORTHLAND SERVICES, INC.**

12/20/2024
Dated

Name: Oliver Zidek
Title: General Manager
Address: 18000 International Blvd.,
Suite 800
Seattle, WA 98188-4255

**FOR: NORTHLAND SERVICES, INC., ON BEHALF OF NAKNEK BARGE LINES, LLC, a dissolved company**

12/20/2024
Dated

Name: Oliver Zidek
Title: General Manager
Address: 18000 International Blvd.,
Suite 800
Seattle, WA 98188-4255

**FOR: NORTHLAND SERVICES, INC., ON BEHALF OF JORE MARINE SERVICES, INC., a dissolved corporation**

12/20/2024
Dated

Name: Oliver Zidek
Title: General Manager
Address: 18000 International Blvd.,
Suite 800
Seattle, WA 98188-4255

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, these Settling Defendants agree to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **These Settling Defendants hereby designate the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** These Settling Defendants understand that they do not need to file an answer to the complaint until they have executed the waiver of service or otherwise have been served with the complaint.

Name: Tisha Pagalilauan
Title: Legal Counsel
Company: Cascadia Law Group
Address: 1201 Third Avenue, Suite 320
Seattle, WA 98101
Phone: (206) 292-2647
Email: tpagalilauan@cascadialaw.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: CROWLEY MARINE SERVICES, INC.**

1/6/25
Dated

Name: Reece Alford
Title: Corporate Secretary
Address: 9487 Regency Square Blvd.
Jacksonville, FL 32225

**FOR: 8TH AVENUE TERMINALS, INC.**

1/6/25
Dated

Name: Reece Alford
Title: Corporate Secretary
Address: 9487 Regency Square Blvd.
Jacksonville, FL 32225

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, these Settling Defendants agree to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **These Settling Defendants hereby designate the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** These Settling Defendants understand that they do not need to file an answer to the complaint until they have executed the waiver of service or otherwise have been served with the complaint.

Name: Joshua Lipsky
Title: Legal Counsel
Company: Cascadia Law Group
Address: 1201 Third Avenue, Suite 320
Seattle, WA 98101
Phone: (206) 292-2633
Email: JLIPSKY@CASCADIALAW.COM

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: HOLCIM (US) INC.**

January 6, 2025
Dated

Name: Jodie Earle
Title: Director, Litigation & Assistant Secretary
Address: 6211 N. Ann Arbor Road
Dundee, MI 48131

**FOR: SURPLUS ITEMS INC.**

Dated

Name: Lisa McCormick
Title: Assistant Secretary
Address: 6211 N. Ann Arbor Road
Dundee, MI 48131

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, these Settling Defendants agree to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **These Settling Defendants hereby designate the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** These Settling Defendants understand that they do not need to file an answer to the complaint until they have executed the waiver of service or otherwise have been served with the complaint.

Name: Paula Jantzen
Title: Director
Company: Ryan Whaley PLLC
Address: 400 North Walnut Avenue
Oklahoma City, OK 73104
Phone: (405) 239-6040
Email: pjantzen@ryanwhaley.com



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: HOLCIM (US) INC.**

________________ ______________________________
Dated

Name: Jodie Earle
Title: Director, Litigation & Assistant Secretary
Address: 6211 N. Ann Arbor Road
Dundee, MI 48131

**FOR: SURPLUS ITEMS INC.**

1.6.2025 [signature]
Dated

Name: Lisa McCormick
Title: Assistant Secretary
Address: 6211 N. Ann Arbor Road
Dundee, MI 48131

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, these Settling Defendants agree to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **These Settling Defendants hereby designate the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** These Settling Defendants understand that they do not need to file an answer to the complaint until they have executed the waiver of service or otherwise have been served with the complaint.

Name: Paula Jantzen
Title: Director
Company: Ryan Whaley PLLC
Address: 400 North Walnut Avenue
Oklahoma City, OK 73104
Phone: (405) 239-6040
Email: pjantzen@ryanwhaley.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: SEATTLE IRON & METALS CORPORATION**

Dated 12-30-24

Name: Alan P. Sidell
Title: President/Manager
Address: 601 S. Myrtle St.
Seattle, WA 98108

**FOR: THE SHALMAR GROUP, LLC**

Dated 12-30-24

Name: Alan P. Sidell
Title: President/Manager
Address: 601 S. Myrtle St.
Seattle, WA 98108

**FOR: SHALMAR 08, LLC**

Dated 12-30-24

Name: Alan P. Sidell
Title: President/Manager
Address: 601 S. Myrtle St.
Seattle, WA 98108

**FOR: SIMCO PROPERTIES, LLC**

Dated 12-30-24

Name: Alan P. Sidell
Title: President/Manager
Address: 601 S. Myrtle St.
Seattle, WA 98108

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, Settling Defendants agree to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **These Settling Defendants hereby designate the agent below to accept service of the complaint by mail and to execute the**

**Rule 4 waiver of service.** Settling Defendants understand that they do not need to file an answer to the complaint until they have executed the waiver of service or otherwise have been served with the complaint.

Name: Alexandra Kleeman
Title: Attorney
Company: Hillis Clark Martin & Peterson P.S.
Address: 999 Third Avenue, Suite 4600
Seattle, WA 98104
Phone: (206) 470-7697
Email: alexandra.kleeman@hcmp.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: EARLE M. JORGENSEN COMPANY**

1/8/2025
Dated

Name: William A. Smith II
Title: Vice President and Secretary
Address: Earle M. Jorgensen Company
10650 Alameda Street
Lynwood, CA 90262

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Scott H. Reisch
Title: Partner
Company: Hogan Lovells US LLP
Address: 1601 Wewatta St. Ste. 900
Denver, CO 80202
Phone: (303) 899-7355
Email: scott.reisch@hoganlovells.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: LINDE INC. (f/k/a PRAXAIR, INC.)**

1/8/2025
Dated

Name: Guillermo Bichara
Linde Inc.
Title: Executive Vice President & Chief Legal Officer
Address: 10 Riverview Drive
Danbury, CT 06810

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Sanaa Almarayati
Title: Manager Legal Services
Company: Linde Inc.
Address: 10 Riverview Drive
Danbury, CT 06810
Phone: 203-837-2046
Email: sanaa.almarayati@linde.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: GLACIER NORTHWEST, INC.**

1/6/2025
Dated

Name: Allen Hamblen
Title: President and CEO
Address: 10655 W Park Run Dr, Ste 275
Las Vegas, NV 89144

**FOR: NORTHWEST AGGREGATES CO.**

1/6/2025
Dated

Name: Allen Hamblen
Title: President and CEO
Address: 10655 W Park Run Dr, Ste 275
Las Vegas, NV 89144

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, these Settling Defendants agree to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **These Settling Defendants hereby designate the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** These Settling Defendants understand that they do not need to file an answer to the complaint until they have executed the waiver of service or otherwise have been served with the complaint.

Name: Deborah Murphey
Title: Associate General Counsel
Company: Glacier Northwest, Inc.
Address: 2025 E Financial Way
Glendora, CA 91741
Phone: 626-852-6293
Email: dmurphey@calportland.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: HOLCIM CANADA HOLDINGS LLC (f/k/a LAFARGE NORTH AMERICA INC.)**

January 6, 2025
Dated

Name: Ken Cathcart
Title: Vice President, General Counsel North America and Assistant Secretary
Address: 6509 Airport Road
Mississauga, ON, Canada L4V 1S7

**FOR: LAFARGE PNW INC.**

January 6, 2025
Dated

Name: Caitlin Norton
Title: General Counsel and Assistant Secretary
Address: 6509 Airport Road
Mississauga, ON, Canada L4V 1S7

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, these Settling Defendants agree to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **These Settling Defendants hereby designate the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service**. These Settling Defendants understand that they do not need to file an answer to the complaint until they have executed the waiver of service or otherwise have been served with the complaint.

Name: Steven C. Kohl
Title: Of Counsel
Company: Warner Norcross + Judd LLP
Address: 2715 Woodward Avenue, Suite 300
Detroit, MI 48201
Phone: 248-568-1123
Email: skohl@wnj.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: INTERNATIONAL PAPER COMPANY**

01/08/2025
Dated

Name: Joseph R. Saab
Title: Senior Vice President, General Counsel & Corporate Secretary
Address: 6400 Poplar Avenue
Memphis, TN 38197

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Brian E. Heim
Title: General Counsel, EHS & Sustainability
Company: International Paper Company
Address: 6400 Poplar Avenue
Memphis, TN 38197
Phone: 901-419-3824
Email: brian.heim@ipaper.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: WASHINGTON STATE DEPARTMENT OF TRANSPORTATION**

December 20, 2024
Dated

Name: Ahmer Nizam
Title: WSDOT Environmental Services Director
Address: 310 Maple Park Ave SE, Olympia WA 98501
Mail Stop 47331

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Yasmine L. Tarhouni
Title: Assistant Attorney General
Company: Office of Attorney General, Washington State Transportation and Public Construction Division
Address: P.O. Box 40113
Olympia, WA 98504-0113
Phone: (360) 753-6130
Email: serviceATG@atg.wa.gov
tpcEF@atg.wa.gov

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: SILVER BAY LOGGING, INC.**

12/27/2024
Dated

Betty Buhler
Name: Betty Buhler
Title: Secretary
Address: PO Box 270
Kelso, WA 98626-0023

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Laura Maffei
Title: Partner
Company: Cable Huston LLP
Address: 1455 SW Broadway, Suite 1500
Portland, OR 97201-3412
Phone: (503) 224-3092
Email: lmaffei@cablehuston.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: BOYER TOWING, INC.**

12/30/24
Dated

Name: Boyer Halvorsen
Title: President
Address: 7318 4th Avenue South
Seattle, WA 98108

**FOR: BOYER LOGISTICS, INC.**

12/30/24
Dated

Name: Boyer Halvorsen
Title: President
Address: 7318 4th Avenue South
Seattle, WA 98108

**FOR: BOYER HALVORSEN**

12/30/24
Dated

Name: Boyer Halvorsen
Address: 7318 4th Avenue South
Seattle, WA 98108

**FOR: KIRSTEN HALVORSEN STAHL**

12.27.24
Dated

K Halvorsen Stahl

Name: Kirsten Halvorsen Stahl
Address: 7318 4th Avenue South
Seattle, WA 98108

**FOR: MAIA HALVORSEN**

1-02-25
Dated

Name: Maia Halvorsen
Address: 7318 4th Avenue South
Seattle, WA 98108



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, these Settling Defendants agree to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **These Settling Defendants hereby designate the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** These Settling Defendants understand that they do not need to file an answer to the complaint until they have executed the waiver of service or otherwise have been served with the complaint.

Name: Kim Maree Johannessen
Title: President
Company: Johannessen & Associates, P.S.
Address: 5413 Meridian Avenue North, Suite B
Seattle, WA 98103
Phone: (206) 632-2000
Email: kmj@johanassocs.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: SEATAC MARINE PROPERTIES, LLC**

Jan 6, 2025
Dated

Name: Walter Seay
Title: Governor
Address: 6701 Fox Avenue South
Seattle, WA 98108

**FOR: SEATAC MARINE SERVICES, LLC**

Jan 6, '25
Dated

Name: Walter Seay
Title: Governor
Address: 6701 Fox Avenue South
Seattle, WA 98101

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, these Settling Defendants agree to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **These Settling Defendants hereby designate the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** These Settling Defendants understand that they do not need to file an answer to the complaint until they have executed the waiver of service or otherwise have been served with the complaint.

Name: Douglas Steding
Title: Managing Partner
Company: Northwest Resource Law PLLC
Address: 71 Columbia Street, Suite 325
Seattle, WA 98104
Phone: (206) 971-1567
Email: dsteding@nwresourcelaw.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: PUGET SOUND ENERGY, INC.**

12/19/24
Dated

Name: Lorna Luebbe
Title: General Counsel/SVP Chief Sustainability Officer
Address: PO Box 97034, Bellevue, WA 98009

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Courtney Seim
Title: Partner
Company: Seyfarth Shaw LLP
Address: 999 Third Ave., Suite 4700
Seattle, WA 98104
Phone: 206-946-4913
Email: cseim@seyfarth.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: WELLS FARGO BANK, NATIONAL ASSOCIATION**

Signed by:
Craig Baldauf
93381AB941C94FA...

1/2/2025
Dated

Name: Craig Baldauf
Title: Deputy General Counsel | Executive Vice President
Address: 401 S. Tryon St., Charlotte, NC 28202-1675

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Company: Corporation Service Company
Address: 2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833-3505
Phone: 1.800.927.9800



U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: CONGLOBAL INDUSTRIES, LLC**

1/3/2025
Dated

Name: Paul Kleppetsch
Title: Vice President and General Counsel
Address: 8205 S. Cass Avenue, Suite 115
Darien, IL 60561

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: John J. Houlihan Jr./ John (JT) Cooke
Title: Outside Counsel to ConGlobal Industries, LLC
Company: Houlihan Law P.C.
Address: 100 N. 35th Street
Seattle, WA 98103
Phone: (206)547-5052
Email: john@houlihan-law.com; jt@houlihan-law.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: WESTROCK LONGVIEW, LLC (f/k/a LONGVIEW FIBRE PAPER AND PACKAGING, INC.)**

1/6/25
Dated

Name: Nina E. Butler
Title: VP, Chief Environmental Officer and Deputy General Counsel
Address: 1000 Abernathy Road NE
Atlanta, GA 30328

**FOR: WESTROCK SERVICES, LLC**

1/6/25
Dated

Name: Nina E. Butler
Title: VP, Chief Environmental Officer and Deputy General Counsel
Address: 1000 Abernathy Road NE
Atlanta, GA 30328

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, these Settling Defendants agree to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **These Settling Defendants hereby designate the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** These Settling Defendants understand that they do not need to file an answer to the complaint until they have executed the waiver of service or otherwise have been served with the complaint.

Name: David C. Weber
Title: Principal
Company: Beveridge & Diamond, P.C.
Address: 600 University Street, Suite 1601
Seattle, WA 98101
Phone: 206-315-4800
Email: dweber@bdlaw.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: SOUTH PARK MARINA LIMITED PARTNERSHIP**

12/31/24
Dated

Name: Guy M. Crow
Title: General Partner and Limited Partner
Address: South Park Marina
8604 Dallas Ave. S
Seattle, WA 98108

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Thomas D. Adams
Title: Attorney
Company: Karr Tuttle Campbell
Address: 701 Fifth Ave., Suite 3300
Seattle, WA 98104
Phone: (206) 223-1313
Email: tadams@karrtuttle.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: ASH GROVE CEMENT COMPANY**

12/27/2024
Dated

Name: David M. Toolan
Title: Assistant Secretary
Address: 900 Ashwood Parkway, Suite 800
Atlanta, GA 30338

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Joshua Lipsky
Title: Legal Counsel
Company: Cascadia Law Group
Address: 1201 Third Avenue, Suite 320
Seattle, WA 98101
Phone: (206) 292-2633
Email: jlipsky@cascadialaw.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: NORTHWEST CONTAINER SERVICES, INC.**

1/8/2025
Dated

Name: Patrick J. Shea
Title: Executive Vice President, General Counsel and Secretary
Address: 3 Waterway Square Place, Suite 110
The Woodlands, TX 77380

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Eric L. Christensen
Title: Principal
Company: Beveridge & Diamond P.C.
Address: 600 University Street, Suite 601
Seattle, Washington 98101
Phone: 206-315-3025
Email: echristensen@bdlaw.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: HARALD L. HURLEN**

Dated 27 DEC 2024

Name: Harald L. Hurlen
Address: 2505 School Street
Solvang, CA 93463

**FOR: HURLEN CONSTRUCTION COMPANY**

Dated 27 DEC 2024

Name: Harald L. Hurlen
Title: President/Manager
Address: 2505 School Street
Solvang, CA 93463

**FOR: HURLEN LOGISTICS, LLC, a dissolved company**

Dated 27 DEC 2024

Name: Harald L. Hurlen
Title: President/Manager
Address: 2505 School Street
Solvang, CA 93463

**FOR: SIX TWENTY SOUTH LOGISTICS, LLC, a dissolved company**

Dated 27 DEC 2024

Name: Harald L. Hurlen
Title: President/Manager
Address: 2505 School Street
Solvang, CA 93463

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, these Settling Defendants agree to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **These Settling Defendants hereby designate the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** These Settling Defendants understand that they do not need to file an answer to the complaint until they have executed the waiver of service or otherwise have been served with the complaint.

Name: Alexandra Kleeman
Title: Attorney
Company: Hillis Clark Martin & Peterson P.S.
Address: 999 Third Avenue, Suite 4600
Seattle, WA 98104
Phone: (206) 470-7697
Email: alexandra.kleeman@hcmp.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: PSFL LEASING, INC. (f/k/a PUGET SOUND TRUCK LINES, INC.), a dissolved corporation**

12/23/2024
Dated

Name: Thomas Lovejoy
Title: Former Chairman
Address: 10700 N.E. 4th St.
Unit 3414
Bellevue, WA 98004

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, these Settling Defendants agree to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **These Settling Defendants hereby designate the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** These Settling Defendants understand that they do not need to file an answer to the complaint until they have executed the waiver of service or otherwise have been served with the complaint.

Name: Patrick M. Paulich
Title: Of Counsel
Company: Betts Patterson & Mines, P.S.
Address: 701 Pike St., #1025
Seattle, WA 98101-3915
Phone: (206) 268-8651
Email: ppaulich@bpmlaw.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: WEYERHAEUSER COMPANY**

1/7/2025
Dated

Name: Kristy T. Harlan
Title: SVP General Counsel & Corporate Secretary
Address: 220 Occidental Ave S, Seattle, WA 98104

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Jeffrey C. Miller
Title: Counsel for Weyerhaeuser Company
Company: Miller Nash LLP
Address: 1140 SW Washington St, Ste 700
Portland, OR 97205
Phone: (503) 205-2542
Email: jeff.miller@millernash.com

**Signature Page for Consent Decree in** ***United States v. The Boeing Company, et al.***

**FOR: DELTA MARINE INDUSTRIES, INC.**

12/30/24
Dated

Name: John R. Jones
Title: President
Address: 1608 S. 96th Street
Seattle, WA 98108

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Clark J. Davis
Title: Attorney
Company: Davis Law Office, PLLC
Address: 7191 Wagner Way NW, Suite 202
Gig Harbor, WA 98335
Phone: 253-858-9422
Email: cdavis@cjd-law.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: ARDAGH GLASS INC. (f/k/a SAINT-GOBAIN CONTAINERS INC.)**

1/4/25
Dated

Name: Jason Ty Sibbitt
Title: Associate General Counsel
Address: 10194 Crosspoint Blvd. #410
Indianapolis, IN 46256

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: E. Sean Griggs
Title: Attorney
Company: Barnes & Thornburg LLP
Address: 11 South Meridian Street
Indianapolis, IN 46204
Phone: (317) 231-7793
Email: sean.griggs@btlaw.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: BALL CORPORATION**

__1.3.25____
Dated

Name: Hannah Lim-Johnson
Title: Chief Legal Officer
Address: 9200 W. 108th Circle
Westminster, CO 80021

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Katie C. Gannon
Title: Principal
Company: Bressler, Amery & Ross, P.C.
Address: 325 Columbia Turnpike
Florham Park, NJ 07932
Phone: 973.937.6726
Email: kgannon@bressler.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: BAYER CROPSCIENCE INC.**

January 7, 2025
Dated

Name: ~~Drew Reavis~~ Molly M. Jones
Title: ~~Head of North America Environmental and Sustainability~~ Sr. Assistant General Counsel
Address: Bayer U.S. LLC
Sustainability, Safety, Health & Environment
800 N. Lindbergh Blvd.
St. Louis, MO 63167

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Connie Sue Martin
Title: Attorney
Company: Schwabe Williamson & Wyatt
Address: 1420 5th Ave., Suite 3400
Seattle, WA 98101
Phone: 206-407-1556
Email: csmartin@schwabe.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: BNSF RAILWAY COMPANY**

1|2|25
Dated

Name: John Lovenburg
Title: Vice President Environment & Sustainability
Address: BNSF Railway Company
2500 Lou Menk, AOB-3
Fort Worth, TX 76131

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Denise L. Ashbaugh
Title: Attorney
Company: Arete Law Group, PLLC
Address: 1218 Third Avenue, Suite 2100
Seattle, WA 98101
Phone: (206) 428-3252
Email: dashbaugh@aretelaw.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: CENTERPOINT 8801 MARGINAL LLC**

By: CENTERPOINT PROPERTIES TRUST, a Maryland real estate investment trust, its Member

1/7/25
Dated

Name: Michael Tortorici
Title: Senior Vice President and Treasurer
Address: 1808 Swift Drive
Oak Brook, IL 60523

1/7/25
Dated

Name: Rick Mathews
Title: General Counsel
Address: 1808 Swift Drive
Oak Brook, IL 60523

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: John J. Houlihan Jr./ John (JT) Cooke
Title: Outside Counsel to Centerpoint 8801 Marginal LLC
Company: Houlihan Law P.C.
Address: 100 N. 35th Street
Seattle, WA 98103
Phone: (206)547-5052
Email: john@houlihan-law.com; jt@houlihan-law.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: FORD MOTOR COMPANY**

Jan-05-2025

Dated

DocuSigned by:
22B1409E26D7402...

Name: David J. Witten
Title: Assistant Secretary
Address: One American Road, Dearborn, Michigan 48126

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Kristen Klick
Title: Attorney, Environmental
Company: Ford Motor Company
Address: Office of the General Counsel
One American Road
Dearborn, Michigan 48126
Phone: 313-920-2129
Email: kklick@ford.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: GENERAL RECYCLING OF WASHINGTON, LLC**

1/7/2025
Dated

Name: Chris D. Trunck
Title: Secretary
Address: 1915 Rexford Rd, Charlotte, NC 28211

**FOR: DAVID J. JOSEPH COMPANY**

1/7/2025
Dated

Name: Chris D. Trunck
Title: Secretary
Address: 1915 Rexford Rd, Charlotte, NC 28211

**FOR: NUCOR STEEL SEATTLE, INC.**

1/7/2025
Dated

Name: Chris D. Trunck
Title: Secretary
Address: 1915 Rexford Rd, Charlotte, NC 28211

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, these Settling Defendants agree to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **These Settling Defendants hereby designate the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** These Settling Defendants understand that they do not need to file an answer to the complaint until they have executed the waiver of service or otherwise have been served with the complaint.

Name: Christopher J. Esbrook
Title: Partner
Company: Esbrook P.C.
Address: 321 N. Clark St., Suite 1930
Chicago, IL 60654
Phone: 312-319-7681
Email: christopher.esbrook@esbrook.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: CHIYODA CORPORATION**

1/7/2025
Dated

Name: Koji Ota
Title: Representative Director, President & CEO

Address: 4-6-2, Minatomirai, Nishi-ku,
Yokohama 220-8765, Japan

**FOR: CHIYODA INTERNATIONAL CORPORATION**

1/7/2025
Dated

Name: Katsuhiko Jogan
Title: President
Address: 2050 West Sam Houston Parkway South,
Suite 850, Houston, TX 77042

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, these Settling Defendants agree to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **These Settling Defendants hereby designate the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** These Settling Defendants understand that they do not need to file an answer to the complaint until they have executed the waiver of service or otherwise have been served with the complaint.

Name: Clark J. Davis
Title: Attorney
Company: Davis Law Office, PLLC
Address: 7191 Wagner Way NW, Suite 202
Gig Harbor, WA 98335
Phone: 253-858-9422
Email: cdavis@cjd-law.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: S & JA HALE FAMILY LIMITED PARTNERSHIP**

Signed by:
Kristine Shimmin
11B0D8A141DE4B3...

Dated 1/3/2025

Name: Kristine Shimmin
Title: Owner
Address: 4312 Muirwood Drive
Pleasanton, CA 94588

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Jeffrey Bilanko
Title: Partner
Company: Carroll, Biddle, & Bilanko, PLLC
Address: 411 W. Mercer St.
Seattle, WA 98119
Phone: 206-338-1496
Email: jbilanko@cbblegal.com

**Signature Page for Consent Decree in *United States v. The Boeing Company, et al.***

**FOR: FOX AVENUE BUILDING, LLC**

Dated

Name: Robert Code
Title: Member
Address: 6900 Fox Avenue South
Seattle, WA 98108

If the Decree is not approved by the Court within 60 days after the date of lodging, and the United States requests, this Settling Defendant agrees to accept service of the complaint by mail, and to execute a waiver of service of a summons under Rule 4 of the Federal Rules of Civil Procedure and any applicable local rules of this Court. **This Settling Defendant hereby designates the agent below to accept service of the complaint by mail and to execute the Rule 4 waiver of service.** This Settling Defendant understands that it does not need to file an answer to the complaint until it has executed the waiver of service or otherwise has been served with the complaint.

Name: Alexandra Kleeman
Title: Attorney
Company: Hillis Clark Martin & Peterson P.S.
Address: 999 Third Avenue, Suite 4600
Seattle, WA 98104
Phone: (206) 470-7697
Email: alexandra.kleeman@hcmp.com

U.S. DEPARTMENT OF JUSTICE
Environment and Natural Resources Division
7600 Sand Point Way NE
Seattle, WA 98115